WALTER ROBINSON v. THE CONTINENTAL INSURANCE COMPANY.

76 641
148 454

*Insurance—Lapse of policy by reason of non-payment of premium note.*

A stipulation in an insurance policy that the company shall not be liable for any loss or damage sustained while any premium note remains past due and unpaid (said condition appearing also in the note) is one which the company has a right to make, and, if inserted without any fraud, misrepresentation, or concealment, is binding upon the insured, and its violation will cause the policy to lapse. *McIntyre v. Mich. State Ins. Co.,* 52 Mich. 188.

Error to St. Clair. (Canfield, J.) Argued June 26, 1889. Decided October 18, 1889.

*Assumpsit* on insurance policy. Plaintiff brings error. Affirmed. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Atkinson, Vance & Wolcott,* for appellant.

*P. H. Phillips,* for defendant.

LONG, J. This action is brought to recover for a loss by fire of property insured under a policy issued by defendant company.

The policy was issued on the third day of August, 1885, and was to continue in force until July 27, 1888, being three years from the date of the approval of the written application therefor (signed by the plaintiff) by the officers of the company at its office in Chicago.

The loss occurred on October 7, 1886. The court below directed the verdict for the defendant. Plaintiff brings error.

The following condition appears upon the face of the policy:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid."

It appeared upon the trial in the court below that the application for insurance was made to a solicitor of the company, and at the time of the application a note for the sum of $8.60 was executed by the plaintiff, payable on February 1, 1886, in part payment of the premium, in case the risk was accepted. The policy was afterwards made and delivered to the plaintiff, and at the time the fire occurred the note had not been paid. It was past due from February 1, 1886.

On March 30, 1886, this note had been sent by the defendant company to the First National Bank of Port Huron, Michigan, for collection. On October 9, 1886, two days after the fire, the plaintiff called at the bank, paid and took up the note, and the proceeds of the note were sent by the bank to the defendant at Chicago.

Immediately after the defendant became advised of the fact

that the note had remained unpaid until after the fire occurred, it returned the money to the plaintiff, who admits having received it. Defendant company denies all liability.

The court below, we think, was correct in holding that no recovery could be had. The case falls within the ruling of this Court in *McIntyre v. Mich. State Ins. Co.*, 52 Mich. 188 (17 N. W. Rep. 781).

The stipulation was one which the company had a right to make. It was inserted in the policy, and the language of it was also embodied in the note. It is not claimed that there was any fraud, misrepresentation, or concealment in procuring the policy to be taken with this clause inserted in the policy. The plaintiff was aware that the policy and note contained this clause.

It is contended, however, that the terms of the contract were changed by the oral statement of Mr. Lutz, defendant's agent, that plaintiff would be notified when to pay the note, and by the custom of defendant to notify its patrons when and where to pay their notes, and that the note itself was a payment of the premium. By the terms of the policy, it is evident that the note was not given or received as payment of the premium. The policy was to remain valid and in force up to the time the note became due, and, if the note was not then paid, the policy was to lapse. This is the plain meaning of the terms of the policy.

There is no force in the other suggestions. By the terms of the policy, the note was payable at the office of the company in Chicago, or at its offices in New York, or to any authorized person having such note in possession for collection. The plaintiff made no effort to pay it until after the fire occurred, though it had been in the bank there from the March previous. It is apparent that, if he had been as diligent in search for his note before the fire as after, he would have had no difficulty in finding it, and making payment in

time to have kept his policy alivè. As it is, he is bound by the contract which he has made.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.