# A. H. CARLOCK
## v.
## THE PHENIX INSURANCE COMPANY.

*Insurance—Action on Policy—Conditions—Failure of Assured to Pay Premium Note—Whether Acts of Defendant in Granting Extensions Operated to Waive Forfeiture—Evidence—Instructions.*

In an action on a policy of insurance against loss by fire, where the policy contained a condition that in case of failure to pay the premium note at the time specified, then the policy should cease to be in force, and where the assured did fail to pay the premium note, and, long after the time specified for its payment the loss occurred, it is *held:* That the acts of the company, through its general agent, in granting extensions of the time for payment did not, under the circumstances, operate as a waiver of the forfeiture, the last extension granted having expired some eighteen months prior to the loss, and no further communication having taken place between the parties.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. THOMAS F. TIPTON and W. B. CARLOCK, for appellant.

In Young & Co. v. Hartford Fire Ins. Co., 45 Iowa, 380, the court say : " That the prepayment of a premium may be waived by a general agent, even when the policy recites it shall not be binding until the cash portion of the premium is actually paid in money, we regard as settled by the author-

ities." Mississippi Ins. Co. v. Negland, 9 Bush. 430; Sheldon v. Conn. Mut. Ins. Co., 25 Conn. 257.

In this case the court discusses fully the doctrine of waiver in a delivered policy.

If the note provides that at maturity the whole premium shall be considered as earned, then the distinction made by the courts between that class of policies and the policy in suit is plain and simple and well understood. See Watts' Case, 36 N. Y. 157; Joliffe v. Madison Mut. Ins. Co., 39 Wis. 111; Kirk v. Dodge Mut. Ins. Co., 39 Wis. 138; Shultz v. Hawkeye Ins. Co., 42 Iowa, 239. The question as to whether appellant had waived the prompt payment of the premium note was fairly submitted to the jury, the court giving but one instruction for appellee, which submitted to the jury the direct question as to whether or not there was a waiver, and the jury having heard the evidence, which fully warranted them in finding that appellant had waived the prompt payment of the premium note, the Circuit Court did right in refusing a new trial.

In Heaton v. Manhattan Fire Ins. Co., 7 R. I. 506, the court says: "It is not a disputable proposition that an insurance company may waive a condition in its usual form of policy, that in order that the policy should be binding the premium must be actually paid, as well as any other condition in the contract for its benefit; and that if the insured is allowed to act upon the confidence of such waiver, the company is estopped to deny the fulfillment of the condition. The principle of the proposition, to prevent fraud, is found in the highest legal morality, and the cases set down on this point, upon the plaintiff's brief, place it beyond doubt as a matter of authority."

The brief of counsel cited by the court is found on page 505, and is as follows: "The provision in the policy of insurance, that the premium must be actually paid before the policy can take effect, may be waived by parol; and when thus waived, and the insured has acted upon and relied upon the faith of such waiver, the company is estopped from setting up the provision of their policy in defense to a suit

upon it." Clark v. The New England M. F. Ins. Co., 6 Cush. 342; Bumstead v. Dividend Ins. Co., 2 Kernan, 81; Trustees First Baptist Church v. Brooklyn F. Ins. Co., 18 Barb. 69; same v. same, 19 N. Y. 305; New York Central Ins. Co. v. National Protection Ins. Co., 20 Barb. 274; Goit v. National Protection Ins. Co., 25 Barb. 189; Hallock v. Insurance Co., 2 Dutcher, 268; Sheldon v. Connecticut Mut. Life Ins. Co., 25 Conn. 218; Taylor v. Merchants Fire Ins. Co., 9 How. 402; Wing v. Harvey, 5 DeGex, Macn. & Gord. 265; Wing v. Harvey, 27 Eng. L. & Eq., 140; Hicks et al. v. Brum, 17 Verm. 449; Roe v. Jerome, 18 Conn. 138; Dazell v. Odell, 2 Hill, 219; Pickard v. Sears, 6 Adol. & Ellis, 469 (33 Eng. C. L. 115); 2 Smith Lead. Cases, side 458, top 561, notes Am. Ed., 1852; Angell on Fire and Life Insurance, p. 281; 1 Greenleaf on Evidence, side paging. The policy in this case did not become absolutely void, but voidable, by reason of the failure of assured to pay all of the premium note before the happening of the fire. Phœnix Ins. Co. v. Lansing, 15 Neb. 494.

The court in the above case disposes of the question in the following way: "Now, if the company receives and retains the premium, can it, as a defense to an action on the policy to recover for loss of the property, allege a failure to pay promptly at the day? The acceptance of the money is a waiver of any default in that respect. The policy was not void but voidable; and upon the failure of Lansing to pay the note when it became due, the company could have returned the note and demanded a surrender of the policy. But it can not term the policy as valid to collect the premium, and void for the payment of losses. The note having been paid after the loss, the acceptance of the money waived the condition of forfeiture in the policy, " and it was valid and subsisting at the time of the loss." There are similar authorities in support of the above doctrine. See, also, Smith v. Saratoga Ins. Co., 3 Hill, 49; Atlantic Ins. Co. v. Goodall, 35 N. H. 334, 335, and cases cited.

Forfeitures are not favored in the law, and where one party has the option to declare a contract forfeited on breach

of its conditions by the other, his declaration of a forfeiture must be made unconditionally and in plain and positive terms. In the case at bar it is not stipulated in a note or policy that at the maturity of the note the premium should be regarded as earned, nor is there any agreement, that the premium should be regarded as completely earned until the expiration of the policy.

The retention by the company of the note, as its property, for the full force of the note, there being no provision in the policy that the premium should be considered as earned at maturity, is sufficient evidence that further grace was extended upon its part, and the demanding and the receipt of the $50 is conclusive evidence of such fact. Johnson v. Southern Mut. Life Ins. Co., 79 Ky. 406.

Had the note and policy provided that the full premium should be considered as earned at the maturity of the note, then there would have been full consideration for the note (Kirk v. Dodge Ins. Co., 39 Wis. 138); and there being no agreement that the full premium should be earned, appellee could have paid for the insurance to the maturity of the note and stopped the running of the policy. May on Insurance, Sec. 4.

The rule is that where there is no risk, there can be no premium. If there was no waiver of the condition of the policy by the company at the maturity of the note, and the policy, by reason of non-payment, had become forfeited, appellant in a suit on the note could only have recovered for the earned premium to the maturity of the note. In the case at bar the note had matured but the premium was unearned. Mathews v. Ins. Co., 40 Ohio State, 137; May on Insurance, Sec. 358.

In other words, the whole cash premium had not been earned when appellant's liability on the policy was suspended (if there was no waiver of the condition), but only a *pro rata* portion of it if the prompt payment of the premium note was not waived and the policy was in fact suspended. The premium does not run during the suspension for the reason that risk and premium go hand-in-hand, and one ceasing, the

Carlock v. Phenix Ins. Co.

other ceases also.    When no risk attaches no premium is to be paid, or if paid, must be returned to the assured.    Alexander v. The Continental Ins. Co., 30 N. W. Rep. 729; Joliffe v. Madison Mut. Ins. Co., 39 Wis. 118; May on Insurance, Sec. 4; Tyrie v. Fletcher, Cowper, 668; American Ins. Co. v. Story, 1 Mich. 394; Mathews v. Ins. Co., 40 Ohio State, 137.

It is argued by counsel for appellant that no officer, or agent of appellant, except the general agent of the company at Chicago, could waive the condition of the policy; and that he could only do so in writing.    This contention is not tenable.    This question is thoroughly discussed and authorities collected in Eclectic Life Ins. Co. v. Fahrenkrug, 68 Ill. 467. and cases cited.    See, also, O'Brien v. Union Mut. Life Ins. Co., 22 Fed. Rep. 586; Home Ins. Co. of Texas v. Myer, 93 Ill. 275, 276.    In this case the court says: "The doctrine is well settled in this and other courts, that an insurance company may, at any time at its option, give authority to its agents to make agreements, or to waive forfeitures, and that it is not bound to act upon the declaration in its policy that they have no such authority.    Whether in any given case it has or has not exercised that option, is a fact proven by either written or parol evidence, notwithstanding a declaration in the policy to the contrary."    See, also, Niagara Fire Ins. Co. v. Brown, 123 Ill. 359.

The fact that appellant did not avail itself of the right to cancel the policy and under the circumstances notify appellee of such determination, is evidence of a waiver of the forfeiture, and raises the presumption that the company chose to carry the risk on the responsibility of appellee.    The Teutonia Life Ins. Co. v. Anderson, 77 Ill. 344; Mut. Ben. Ins. Co. v. Graham, 30 Ohio St. 240; Georgia Mut. Life Ins. Co. v. Graham, 52 Ga. 640; Joliffe v. Mut. Life Ins. Co., 39 Wis. 111, *supra;* see also the case of Williamsburg City Ins. Co. v. Cary, 83 Ill. 453.

If an insurance company intentionally, by language or conduct, leads a policy holder to believe that he should not pay his premium note promptly, and that no advantage will be taken of the failure, it is equivalent to an express agreement

to that effect and is a waiver of any forfeiture expressed in the policy.   McGraw v. Old North State Ins. Co., 78 N. C. 149; citing May on Insurance, Sec. 360, 361, and cases there referred to.   See, also, Insurance Company v. Doster, 106 U. S. 30; Insurance Company v. Martin, 96 U. S. 254; Insurance Company v. Eggleston, 96 U. S. 572; Insurance Company v. Tullidge, 39 Ohio St. 240.

The course of dealing between the parties and the receipt of the $50, was such as to entitle appellee to notice of an intended forfeiture.   Insurance Company v. Tullidge, *supra;* Home Ins. v. Pierce, 75 Ill. 426; Warner's Case, 80 Ill. 415.

The condition of prompt payment may be waived, from any circumstance fairly showing that the insurer does not intend to insist upon the prompt payment of the premium note, as a question to the continued validity of the policy. Heaton v. Manhattan Ins. Co., 7 R. I. 402; Goit v. Nat. Protection Ins. Co., 25 Barb. 189.

In the case at bar, the clause in the note and policy providing for prompt payment were inserted for the benefit of the company and might be waived by a failure to act, or other circumstances evincing an intention not to claim the benefit of the stipulation.   Mut. Life Ins. Co. v. French, 30 Ohio St. 240; Teutonia Life Ins. Co. v. Anderson, 77 Ill. 384.

The failure of the company to offer to return the note on payment of the earned premium, or give notice of its intention to insist on a forfeiture, was a waiver of the right of forfeiture of the policy.   Montgomery v. Phoenix Mut. Fire Ins. Co., 14 Bush. 52; Johnson v. Southern Mut. Life Ins. Co., 79 Ky. 403.

Messrs. KERRICK, LUCAS & SPENCER, for appellee.

That the provisions of the policy providing that if appellee should " fail to pay the premium note or order at the time specified then this policy shall cease to be in force, and remain null and void during the time said note or order remains unpaid after its maturity," with the condition in the note that " if this note is not paid at maturity said policy shall then cease and determine and be null and void, and so remain until

Carlock v. Phenix Ins. Co.

the same *shall be fully paid* and received by the company," made the payment in full at maturity a condition precedent to the enforcement of the policy on account of a loss occurring after maturity, in the absence of a waiver by an authorized agent, we have no doubt. The authorities are uniform on that question. Phenix Insurance Company v. Carlock, 32 Ill. App. 255; May on Insurance (2d Ed.), Secs. 341, 343; Pitt v. Insurance Company, 100 Mass. 500; Catoir v. Insurance Company, 33 N. J. 487; Baker v. Insurance Company, 43 N. Y. 283; Gorton v. Insurance Company, 39 Wis. 121; Joliffe v. Insurance Company, 39 Wis. 111; Wall v. Insurance Company, 36 N. Y. 157; Hammond v. Insurance Company, 10 Gray, 306; Patch v. Insurance Company, 44 Vt. 481; Williams v. Insurance Company, 19 Mich. 451; Watrous v. Insurance Company, 35 Ia. 852; Insurance Company v. McMillen, 24 Ohio St. 67; Ferebee v. Insurance Company, 68 N. C. 11; Insurance Company v. Ruse, 8 Ga. 534; Tarleton v. Stainforth, 5 T. R. 695; Want v. Blunt, 12 East, 410; Gorton v. Dodge Co. Ins. Co., 39 Wis. 121; Forest City Insurance Co. v. School District; Thompson v. Insurance Company, 104 U. S. 252; Curtin v. Phenix Ins. Co., 21 Pacific Rep. 370; Willcuts v. Northwestern Life Ins. Co., 81 Ind. 300; Van Allen v. Farmer, etc., 64 N. Y. 469; Loring v. Manufacturers Ins. Co., 74 Mass. 28; Walsh v. Hartford Fire Ins. Co., 73 N. Y. 5; Klein v. Insurance Co., 104 U. S. 88; Life Ins. Co. v. Pendleton, 112 U. S. 696.

An insurance company has the right to limit the power of its agents, and where it does so and brings notice thereof to the insured, he is bound by it; and placing such limitations in the policy is of itself notice. Walsh v. Hartford Ins. Co., 73 N. Y. 5; Packard v. Fire Insurance Co., 77 Me. 144; Gladding v. Fire Ins. Co., 66 Cal. 6; Van Allen v. Farmers Ins. Co., 64 N. Y. 469; Loring v. Manufacturers Ins. Co., 74 Mass. 28; Wood on Fire Insurance (2d Ed.), Sec. 411; May on Insurance (2d Ed.), Secs. 126 and 137; Franklin Ins. Co. v. Sefton, 53 Ind. 380; McIntyre v. Michigan State Ins. Co., 52 Mich. 188.

An extension for a definite time has no effect on the condi-

tion of the policy after that time. Franklin Ins. Co. v. Sefton, 53 Ind. 380; Pottsville Mutual Fire Ins. Co. v. Minnequa, 100 Pa. 51, 137; Marion v. Life Ins. Co., 85 N. Y. 278; McIntyre v. Michigan State Ins. Co., 52 Mich. 188; Critchett v. The American Ins. Co., 53 Iowa, 404; Catoir v. American Life Ins. Co., 33 N. J. L. 487; Homer v. Guardian Mutual Life Ins. Co., 67 N. Y. 478.

For these reasons we think the judgment should be affirmed.

WALL, J. This was an action of assumpsit upon a policy of fire insurance. There was a verdict for the defendant, upon which judgment was entered against the plaintiff for costs. The only question affecting liability was whether there was a waiver by the company of the condition forfeiting the policy for the failure to pay the premium note. The policy was dated September 16, 1884, for $2,000. The fire occurred June 13, 1888, causing a loss of $975. The proof of loss was duly furnished. The policy contained this condition:

"In case the assured fails to pay the premium note or order at the time specified, then this policy shall cease to be in force, and remain null and void during the time said note or order remains unpaid after maturity, and no legal action on the part of this company to enforce payment shall be construed as reviving the policy. The payment of the premium note, however, revives the policy and makes it good for the balance of its term. No agent or employe of this company, or any other person or persons, have power or authority to waive or alter any of the terms or conditions of this policy, except only the general agent at Chicago, Illinois, and any waiver or alteration by him must be in writing."

The premium was not paid in cash, the following note being given therefor:

"$62.50.

"On the first day of October, 1885, for value received, I promise to pay to the Phœnix Insurance Company, of Brooklyn, New York (at the First National Bank, in Bloomington, Illinois), or order, sixty-two dollars and fifty cents, in pay-

ment of premium on policy No. 0,156,750 of said company.

"If this note is not paid at maturity, said policy shall then cease and determine, and be null and void, and so remain until the same shall be fully paid and received by the company. In case of loss under said policy this note shall immediately become due and payable, and shall be deducted from the amount of said loss.   It is understood and agreed that this note is not negotiable.

"A. H. CARLOCK."

Appellant was notified when the note would mature, and on the 2d of October, 1885, wrote to T. R. Burch, the general agent of the company at Chicago, asking for an extension of three months.   To this request Mr. Burch replied that he would extend the time until December 10th, and intimating that if paid by January 1st it would be satisfactory. On the 13th of May, 1886, nothing having been paid, the note was placed in the hands of attorneys at Bloomington for collection, and on that day they sent notice of the fact to the assured, to which he replied by asking for two or three weeks further time, and on the 18th of May the attorneys wrote him, granting an extension of two weeks.   On the 15th of July he paid the attorneys $50, and requested a further extension on the balance, which they granted for two weeks longer.   On the 19th of August, after the last extension had expired, they wrote him urging payment of balance, to which he made no reply, and on the 15th of December they again wrote him and received no reply.   On the 26th of December, 1886, assured wrote to Burch, the general agent at Chicago, saying he would settle by January 1st, or soon thereafter.   To this Burch made no response.   The balance was never paid, and there was no further communication in regard thereto. From the date of the last letter by assured to Burch until the fire there was a lapse of nearly eighteen months.

This case was before us at a former term on the appeal of the company from a judgment in favor of the assured.   That judgment was reversed because of an instruction which in terms advised the jury that the extensions above stated constituted of themselves a waiver of the condition of forfeiture

expressed in the policy and in the note. We then held that the extensions of the time of payment could not be deemed as a matter of law to waive the condition, but were merely circumstances for the consideration of the jury in determining whether a waiver was intended, and that if, from all the circumstances and the course of dealing between the parties, the assured was reasonably justified in believing that the company did not intend to insist upon the condition, and acted upon the belief so induced, then the condition might be considered as waived. It is now urged by the present appellant, the assured, that upon the second trial the court erred in instructing the jury at the instance of the company, and that the tenor and effect of the instructions so given was to advise the jury that the evidence did not show a waiver. The objection thus made applies most strongly to the fourth of the series given for defendant. The instruction is quite lengthy and is not so clear and direct as it might be. Taking one clause alone the inference would be quite plain that the case made by the proof would not, as a matter of law, make a cause of action; and that to recover, the plaintiff must prove in addition that the company had acted in such a way as to induce belief in the mind of assured that the condition was waived, as though such an inference could not be drawn from the facts in proof. However, when the whole instruction is read together and in connection with the others, we think the jury would understand that the court meant to say merely that the matters in proof did not necessarily involve one conclusion or the other, and that it was for them to say from all the testimony whether the company's conduct had been such as to justify a reasonable belief in the mind of assured that a waiver was intended. The plaintiff should have asked an instruction making this point more apparent, if he deemed it necessary, or if he found the jury were likely to misapprehend the instructions asked by defendant. We think the instructions presented substantially the rule of law as announced in our former opinion in this particular.

It is objected that the instructions were faulty in stating the extent of the authority of the attorneys who held the note

for collection, and in omitting any reference to the power of the general agent to ratify the action of the attorneys, and in omitting to define the term "authorized agent," which was several times employed. We consider it a sufficient answer to this objection that so far as appears by the evidence, the attorneys assumed to do nothing more than pertained to the collection of the note, and that in granting extensions they merely exercised the powers usually possessed by such agents; and that the only other agent of the company whose action was in proof was Burch, who was admitted to be the general agent at Chicago, possessing full authority to waive the condition in question. So far as the attorneys were concerned they certainly had no power to waive the condition, but being the agents of the company to collect the note their extension would be valid and binding, and then the question would be as to the effect and consequence thereof, and whether such an extension might or should imply a waiver during the time included thereby. In other words, was the action of the company in this respect such as to raise the reasonable belief that a waiver was intended? There was no technical fault as to this point; and again it may be said that it would have been proper for the plaintiff to ask such an instruction as might have prevented any possible misconception, but it was not done.

It is urged that the court erred in refusing to permit certain questions on cross-examination of the witness Clark, as to what was his object in going to the plaintiff's premises. Clark was the adjuster of the company and testified as to his connection with the plaintiff, the effect of his testimony being mainly to show knowledge in the plaintiff, of the conditions contained in the policy and note with reference to forfeiture, and the questions which were excluded were apparently designed to show that the witness had gone out to see the plaintiff for the purpose of effecting a compromise, and that after the conversation he went back to the office of plaintiff's brother and offered to compromise. It is now urged that the object of these questions was not to show an effort to compromise, but that Clark treated the policy as still in force.

We do not see that Clark's opinion about it was important. So far as the action of the company in sending him there would throw any light upon the previous intention or purpose or understanding of the company as to the matter of waiver, the plaintiff had the benefit of all that was thereby implied. The company had the right to make an effort to compromise without impairing any of its legal defense, and it was not competent to inquire into whatever it did in that direction.

It is urged as error, that the court sustained an objection to the question put to plaintiff by his counsel, whether he received the policy at the same time he gave the note, and it is argued, or rather suggested, that if the question had been allowed the answer would have been that he did not receive the policy until a later date, and that he then "laid it away without his attention being called to any particular fine point provisions in the policy." In so far as the proof of such fact could benefit him, he had it very fully, as will appear from his cross-examination where he distinctly stated that he never read the fine point of the policy; that he did not understand a non-payment of premium rendered it void; that he never read over the policy but laid it away; that he did read the note; that he thought the policy was in force, etc. We are not able to see that the plaintiff's case was unduly affected by the rulings of the court in these matters.

Upon the main question as to the merits we are disposed to hold that the verdict is right. Had the loss occurred while the payment was suspended by the extensions granted through either the general agent at Chicago or the attorneys who held the note for collection, another and a very different case would be presented. It was not so, however. For nearly a year and six months the matter had remained without a word or act from either side, the last having the definite written promise of the assured (he then being four or five months in default after the latest extension) to make payment at a time within a week of that date. This after a delay of more than a year from the maturity of the note, during which period repeated efforts to obtain payment had resulted in the collection of only $50, leaving due and unpaid the substantial portion of one-

Carlock v. Phenix Ins. Co.

fifth of the principal with a considerable sum for interest. In view of all the facts it would not be a fair construction of the contract and the conduct of the parties to say that a waiver of the forfeiture is a reasonable implication.   Whatever the assured might have believed, or been justified in believing, while he was asking and obtaining extensions, it is not to be inferred that his belief continued, nor is it sound to say that it would have been justified when extensions were no longer granted, and no response was made to his last request therefor, coupled with a positive promise of payment by a designated day near at hand.  His failure to meet this last engagement might well be construed by the company as a probable abandonment of the matter, and after all that had occurred it was not necessary to say or do anything more to avoid the appearance of a waiver or to repel a possible inference that a waiver was then within its purpose.   It would be inequitable to place it in such an attitude.   To do so would annul a plain and valid provision of the contract, and enable the assured to secure all the benefit of insurance without a corresponding obligation to pay for it.

The case of C. L. Ins. Co. v. Warner, 80 Ill. 410, and other cases relied upon by appellant, so far as we have been able to examine them, can not be regarded as decisive or controlling here, because depending upon wholly different facts.   It is impossible within the space properly allowable to undertake the discussion or analysis of those cases or the citations on the other side.   Such a task more fitly belongs to the text-writer. We shall be content to apply what we conceive the true principle to the facts of the case at bar, and being satisfied that justice has been done will affirm the judgment.

*Judgment affirmed.*