# A. H. CARLOCK

## v.

# THE PHŒNIX INSURANCE COMPANY.

*Filed at Springfield June 10, 1891.*

1. INSURANCE—*forfeiture for non-payment—acceptance of premium.* Where, by the terms of the contract of insurance against loss by fire, the failure to pay the premium note works a forfeiture of the policy, the acceptance of the premium is an implied admission of liability upon the policy, and the insurer will not be allowed to accept payment of the premium and at the same time repudiate liability upon the policy.

2. SAME—*revival of policy after forfeiture.* But where the failure of the insured to pay his note given for the premium, at its maturity, is not an absolute forfeiture of the rights of the insured under the policy, but a suspension, simply, of those rights until full payment, he may, after default, make payment in full, and thus revive his rights in all their original force.

3. SAME—*partial payments after forfeiture.* Where, by a policy of insurance, the insured has the right, after default in payment of his premium note, to make partial payments, so that when it is fully paid his rights may revive, the acceptance of such partial payments will waive nothing, and if a loss occurs before full payment the insured can not recover.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was assumpsit in the McLean circuit court upon a policy of insurance. The policy contained the following condition: "In case the assured fails to pay the premium note or order at the time specified, then this policy shall cease to be in force, and remain null and void during the time said note or order remains unpaid after maturity, and no legal action on the part of this company to enforce payment shall be construed as reviving the policy. The payment of the premium note, however, revives the policy, and makes it good for the balance of its term. No agent or employe of this company,

or any other person or persons, have power or authority to waive or alter any of the terms or conditions of this policy, except only the general agent at Chicago, Illinois, and any waiver or alteration by him must be in writing."

The premium was not paid in cash, the following note being given therefor:

"On the first day of October, 1885, for value received, I promise to pay to the Phœnix Insurance Company of Brooklyn, New York, (at the First National Bank in Bloomington, Illinois,) or order, sixty-two dollars and fifty cents, in payment of premium on policy No. 0756750 of said company.

"If this note is not paid at maturity said policy shall then cease and determine and be null and void, and so remain until the same shall be fully paid and received by said company. In case of loss under said policy this note shall immediately become due and payable, and shall be deducted from the amount of said loss. It is understood and agreed that this note is not negotiable.                  A. H. CARLOCK."

There was evidence that the time for the payment of the note was extended two or three times by the agents of the insurer, but this extension did not extend to the time of the loss. A partial payment was made on the note after its maturity, but the note was not paid at the time of the loss.

On the first trial judgment was rendered for the insured, but this was reversed on appeal to the Appellate Court for the Third District, (*Phœnix Ins. Co.* v. *Carlock,* 32 Ill. App. 265,) and the cause was remanded to the trial court. On the second trial judgment was rendered in favor of the insurer, and on appeal to the Appellate Court for the Third District that judgment was affirmed. The case is here by the appeal of the insured from that judgment.

Mr. THOMAS F. TIPTON, and Mr. W. B. CARLOCK, for the appellant:

A waiver of a provision of forfeiture may be inferred from a failure to notify the assured of it by holding a note past due. *Johnson* v. *Life Ins. Co.* 17 Ky. 403; *Jordan* v. *Insurance Co.* 64 Iowa, 216.

When the insurer receives payment of a premium after knowledge of a breach of the conditions of the policy, this will be held a waiver. *Insurance Co.* v. *Raddon*, 120 U. S. 183.

Or if the insured party is induced, by the language in the contract, to believe that the policy holder need not pay the note promptly when it becomes due, that no advantage will be taken of the non-payment, waives any provision concerning a forfeiture for that reason. *McGraw* v. *Insurance Co.* 73 N. C. 149.

Or that to constitute a waiver of the conditions of a policy to be binding, must be indorsed upon it, may of itself be waived by parol or by act *in pais*. *Sain* v. *Insurance Co.* 43 Wis. 108; *Smith* v. *Insurance Co.* 13 Upper Can. (Q. B.) 69; *Hopkins* v. *Insurance Co.* 43 id. 264.

If an insurance company takes a note for premium due, and holds it afterward and until a loss occurs, it can not allege the loss in part. *Sheridan* v. *Insurance Co.* Lower Can. 267.

That the policy was not void, but only voidable, see *Insurance Co.* v. *Lansing*, 15 Nev. 394.

A parol waiver of conditions in a policy is good, although it contains a condition that no waiver shall be binding unless in writing. *Smith* v. *Insurance Co.* 33 Upper Can. (Q. B.) 69.

A provision that the premium must be actually paid before the policy can take effect may be waived by parol, and when thus waived, and the insured has acted and relied upon the faith of such waiver, the company will be estopped from setting up the provision in the policy as a defense. *Clark* v. *Insurance Co.* 6 Cush. 342; *Bumpstead* v. *Insurance Co.* 2

Kernan, 81; *Trustees* v. *Insurance Co.* 18 Barb. 69; 19 N. Y. 305; *Insurance Co.* v. *Insurance Co.* 20 Barb. 274; *Goit* v. *Insurance Co.* 25 id. 189; *Hallock* v. *Insurance Co.* 2 Dutch. 268; *Sheldon* v. *Life Ins. Co.* 25 Conn. 218; *Taylor* v. *Insurance Co.* 9 How. 402; *Wing* v. *Harvey*, 5 DeG., M. & G. 265; 27 Eng. L. & Eq. 140; *Hicks* v. *Brum*, 17 Vt. 449; *Roe* v. *Jerome*, 18 Conn. 138; *Dazell* v. *Odell*, 2 Hill, 219; *Pickard* v. *Sears*, 6 A. & E. 469 (33 Eng. C. L. 115).

The policy did not become absolutely void, but voidable, by reason of the failure of assured to pay all of the premium note before the loss. *Insurance Co.* v. *Lansing*, 15 Neb. 494.

The retention by the company of the note as its property for the full force of the note, there being no provision in the policy that the premium should be considered as earned at maturity, is sufficient evidence that further grace was extended upon its part, and the demanding and the receipt of the $50 is conclusive evidence of such fact. *Johnson* v. *Life Ins. Co.* 79 Ky. 406.

The premium does not run during the suspension, for the reason that risk and premium go hand in hand, and one ceasing the other ceases also. When no risk attaches no premium is to be paid, or if paid, must be returned to the assured. *Joliffe* v. *Insurance Co.* 39 Wis. 118; May on Insurance, sec. 4; *Tyrie* v. *Fletcher*, Cowp. 668; *Insurance Co.* v. *Story*, 1 Mich. 394; *Mathews* v. *Insurance Co.* 40 Ohio St. 137.

The fact that appellee did not avail itself of the right to cancel the policy, and, under the circumstances, notify appellant of such determination, is evidence of a waiver of the forfeiture, and raises the presumption that the company chose to carry the risk on the responsibility of appellee. *Life Ins. Co.* v. *Anderson*, 77 Ill. 384; *Insurance Co.* v. *Graham*, 30 Ohio St. 240; *Life Ins. Co.* v. *Graham*, 52 Ga. 640; *Joliffe* v. *Life Ins. Co.* 39 Wis. 111.

Messrs. Kerrick, Lucas & Spencer, for the appellee:

That the provisions of the policy providing that if appellee should "fail to pay the premium note or order at the time specified, then this policy shall cease to be in force, and remain null and void during the time said note or order remains unpaid after its maturity," with the condition in the note that "if this note is not paid at maturity said policy shall then cease and determine and be null and void, and so remain until the same shall be fully paid and received by the company," made the payment in full at maturity a condition precedent to the enforcement of the policy on account of a loss occurring after maturity, in the absence of a waiver by an authorized agent, we have no doubt. *Insurance Co.* v. *Carlock*, 32 Ill. App. 255; May on Insurance, (2d ed.) secs. 341, 343, 344; *Pitt* v. *Insurance Co.* 100 Mass. 500; *Catoir* v. *Insurance Co.* 33 N. J. 487; *Baker* v. *Insurance Co.* 43 N. Y. 283; *Gorton* v. *Insurance Co.* 39 Wis. 121; *Joliffe* v. *Insurance Co.* id. 111; *Wall* v. *Insurance Co.* 36 N. Y. 157; *Hammond* v. *Insurance Co.* 10 Gray, 306; *Patch* v. *Insurance Co.* 44 Vt. 481; *Williams* v. *Insurance Co.* 19 Mich. 451; *Watrous* v. *Insurance Co.* 35 Iowa, 852; *Insurance Co.* v. *McMillen*, 24 Ohio St. 67; *Ferebee* v. *Insurance Co.* 68 N. C. 11; *Insurance Co.* v. *Ruse*, 8 Ga. 534; *Tarleton* v. *Stainforth*, 5 T. R. 695; *Want* v. *Blunt*, 12 East, 410; *Gorton* v. *Insurance Co.* 39 Wis. 121; *Willcuts* v. *Life Ins. Co.* 81 Ind. 300; *Van Allen* v. *Insurance Co.* 64 N. Y. 469; *Loring* v. *Insurance Co.* 74 Mass. 28; *Walsh* v. *Insurance Co.* 73 N. Y. 5; *Klein* v. *Insurance Co.* 104 U. S. 88; *Life Ins. Co.* v. *Pendleton*, 112 id. 696; *Curtis* v. *Insurance Co.* 78 Cal. 619.

An insurance company has the right to limit the power of its agents, and where it does so, and brings notice thereof to the insured, he is bound by it, and placing such limitations in the policy is of itself notice. *Walsh* v. *Insurance Co.* 73 N. Y. 5; *Packard* v. *Insurance Co.* 77 Me. 144; *Gladding* v. *Insurance Co.* 66 Cal. 6; *Van Allen* v. *Insurance Co.* 64 N. Y.

469; *Loring* v. *Insurance Co.* 74 Mass. 28; Wood on Fire Insurance, (2d ed.) secs. 126, 137; *Insurance Co.* v. *Sefton,* 53 Ind. 380; *McIntyre* v. *Insurance Co.* 52 Mich. 188.

An extension for a definite time has no effect on the condition of the policy after that time. *Insurance Co.* v. *Sefton,* 53 Ind. 380; *Insurance Co.* v. *Minnequa,* 100 Pa. 51; *Marion* v. *Life Ins. Co.* 85 N. Y. 278; *McIntyre* v. *Insurance Co.* 42 Mich. 188; *Critchett* v. *Insurance Co.* 53 Iowa, 404; *Catoir* v. *Life Ins. Co.* 33 N. J. L. 487; *Homer* v. *Insurance Co.* 67 N. Y. 478.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We concur in the rulings of the Appellate Court. The case is quite different from one in which, by the terms of the contract, the failure to pay the premium works a forfeiture of the policy. In that case, since there can be no liability to pay premium where there is no liability upon the policy, the acceptance of premium is an implied admission of liability upon the policy, and it would be a fraud upon the insured to accept from him payment of premium and at the same time repudiate liability upon his policy. (*Lycoming Ins. Co.* v. *Barringer,* 73 Ill. 235, and cases cited.) But here the failure to pay the note at its maturity is not an absolute forfeiture of the rights of the insured under the policy, but a suspension, simply, of those rights until full payment of the note, by which act they would be revived in all of their original force. The receipt of partial payment of the note waived nothing, for the insured had a right to make payment of the note by partial payments from time to time, and thus to revive the liability of the insurer upon the policy, and what he had a right to pay it was the duty of the insurer to receive. That he did not complete the payment of the note before the loss was in nowise induced by the insurer's act of receiving partial payments. *Curtis* v. *Phœnix Ins. Co.* 78 Cal. 619.

The judgment is affirmed.

*Judgment affirmed.*