## German Insurance Co. of Freeport, Ill., v. Joseph L. Denny.

1. INSURANCE—*Forfeiture of Policy for Non-Payment—Partial Payments After Forfeiture.*—Where a contract of insurance against loss by fire or wind provides that failure to pay a premium note shall work a forfeiture of the policy, but that after such failure the insured shall have the right to make payment and revive the policy, the acceptance of partial payment waives nothing, and if a loss occurs before full payment the insured can not recover.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1897. Reversed without remanding. Opinion filed June 10, 1897.

J. WILSON JONES, attorney for appellant.

WEBB & LANE, attorneys for appellee.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

On December 18, 1893, appellant issued its policy of insurance to appellee to cover any loss happening by fire or wind storms, to the extent of $600. The sum of $300 of insurance was placed on a dwelling house, which, on May 27, 1896, was damaged by a wind storm to the extent of $57.10. The policy did not expire until December 15, 1898. At the time the application was signed by appellee he also signed a note, payable to the company, for the sum of $18, due January 1, 1895, which note and policy contained the following clause: "If this note is not paid at maturity, said policy shall then cease and determine and be null and void, and so remain until this note shall be fully paid and received and accepted by the company as provided in said policy." The policy itself further provides that "no legal action on the part of this company to enforce payment shall be construed as reviving the policy. The payment of the premium, however, revives the policy and makes it good for

the balance of its term." The note was not paid when due, and not paid in full until the day after the loss, which occurred on May 27, 1896. The sum of $10 was paid on the note November 10, 1895, and the agent of the company at that time, by indorsement on the note, extended payment until December 1, 1895. There was no other definite extension of the time. In fact there was no other extension. The appellee claims that the agent stated to him that he would extend the time, without stating how long, if appellee would aid the agent in some canvass he was making for a county office. But of course appellee must have known that the agent had no legal or moral right to grant an extension on such grounds, if, in fact, he had any authority to grant any extension. At the time the balance of the note was paid, the day after the loss, appellee did not at the time inform the agent of his loss. If he had it would have been immaterial, for the only effect of the payment, by the terms of the note and the policy, was to revive the policy from the time of payment " for the balance of its term."

The case of Carlock v. Phoenix Ins. Co., 138 Ill. 210, is, in its facts, as to the point under consideration, much like the one in hand. There a distinction is made between a policy where a forfeiture is worked by failure to pay the premium note, without any right of revival by subsequent payment, and a policy like the one here in suit. In the former case payment after forfeiture, and retention of the money, works an estoppel to claim any forfeiture, while under policies like this the person insured has the right to revive the policy by payment, from the time of payment, which payment it is the duty of the company to receive. As in the Carlock case is stated, " The receipt of partial payment of the note waived nothing." The only effect of full payment was to revive the policy for the residue of the term.

In view of what has been said, it is unnecessary to consider the errors assigned. There can be no recovery in this case, and therefore the judgment is reversed, without remanding.