## Fred. A. Lenz, use of The National Home B. & L. Ass'n v. The German Fire Ins. Co.

1. INSURANCE — *Notes Given for Premiums — Forfeiture for Non-Payment.*—When, by the terms of a contract of fire insurance, if a note given in payment of the premium is not paid at maturity, the policy is to become null and void, and so remain until the note is paid, as provided in the policy, there can be no forfeiture for non-payment of the note, but only a suspension of the policy during the time the note remains unpaid after its maturity.

2. SAME—*Promissory Notes for Premiums—Non-Payment—Revival.* —Under the terms of an insurance contract providing that when a promissory note is given for the premium it shall be considered a payment, provided it is paid at or before maturity, and that should any loss or damage occur to the property insured while the note remains past due and unpaid, in whole or in part, at the time of such loss or damage, the policy shall be void while such note and premium remain unpaid; the policy becomes suspended during the period of non-payment of the premium note after its maturity, and is revived only upon payment, and then only from the time of such payment.

3. SAME—*Losses During a Suspension for Non-Payment of Premium Note.*—When, by a policy of insurance, the insured has the right, after default in the payment of his premium note, to revive his rights upon payment of such note, if a loss occurs before such payment, he can not recover.

Assumpsit, on a policy of insurance. Trial in the Circuit Court of Marshall County; the Hon. THOMAS M. SHAW, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

WAGNER, BINGHAM & LONG, attorneys for appellant.

As a general proposition of law the premium and risk of an insurance company go hand in hand. If the insurer is entitled to full premium for a policy, it must recognize the validity of the policy during the full time. May on Insurance, Sec. 4.

Forfeiture of insurance is not favored in law, and provisions in policies therefor are construed strictly and most strongly against the insurance company. We insist also that forfeiture never exists unless declared by proper author-

ity after the right to forfeit accrues to the insurance company. Under this rule of law the policy sued on never lapsed. Murray v. Home Benefit Life Association, 90 Cal. 402; 25 Am. St. Rep. 136; May on Insurance, Sec. 361; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Phœnix Ins. Co. v. Johnston, 143 Ill. 106; Home Ins. Co. v. Bethel et al., 42 Ill. App. 475; Rockford Ins. Co. v. Storig, 137 Ill. 646.

Forfeiture of insurance may be waived by an insurance company, and any act of the insurance company showing an intention to keep the policy in force is a waiver of such forfeiture and right of forfeiture. Under this rule the act of the insurance company in offering to extend the time of payment of the premium note aforesaid, demanding payment thereof, and threatening to sue thereon, and still holding the same, retaining the entire consideration of the policy, shows conclusively that the policy was in force at the time of the fire. Murray v. Home Benefit Life Association, 90 Cal. 402; 25 Am. St. Rep. 133; Illinois Fire Ins. Co. v. Stanton, 57 Ill. 354; Traders' Ins. Co. et al. v. Race, 142 Ill. 338; Phœnix Ins. Co. v. Johnson, 143 Ill. 106; May on Insurance, Sec. 362; Homer v. Guardian M. L. Ins. Co., 67 N. Y. 478; Phenix Ins. Co. v. Tomlinson, 125 Ind. 84; 21 Am. St. Rep. 203 and note; Germania Fire Ins. Co. v. Hick, 125 Ill. 361; 8 Am. St. Rep. 384 and note; Stylow v. Wisconsin Odd Fellows M. L. Ins. Co., 69 Wis. 224; 2 Am. St. Rep. 738; Marden v. Hotel Owners' Ins. Co., 85 Iowa, 584; 39 Am. St. Rep. 316; Cotton States Life Ins. Co. v. Lester, 35 Am. Rep. 122 and note 125; Appleton v. Phœnix Mutual Life Ins. Co., 47 Id. 220; Conigland v. North Carolina Mut. Life Ins. Co., 98 Am. Dec. 89; Mutual B. L. Ins. Co. v. Robertson, 14 Am. Rep. 8.

Where an insurance company claims forfeiture for nonpayment of a premium note, it must offer to surrender the note. It can not forfeit the policy and keep the note. May on Insurance, Sec. 345; Johnson v. Southern M. L. Ins. Co., 79 Ky. 403.

When credit is given by an insurance company it has no right to cancel the policy for non-payment except by giving the assured notice of such intention, and refunding to him

the unearned premium.   Farnum v. Phœnix Ins. Co., 83 Cal.
246;  17 Am. St. Rep. 233 and note;  Mallory v. Ohio Farmers'
Ins. Co., 90 Mich. 112;  Savage v. Phœnix Ins. Co., 12 Mont.
458;  33 Am. St. Rep. 591.

Winslow Evans, attorney for appellee.

Where it is provided that a policy may be revived by the
payment of the premium or assessments in default, the
mere offer to receive the money so in default will not amount
to a waiver; there must be actual payment to revive the
policy.   May on Insurance, Sec. 362;  Ware v. Millville Fire
Insurance Co., 45 N. J. L. 177.

Where a policy of life insurance has lapsed by reason of
failure to pay the premium when due, the promise of the
agent to receive such over-due premium if it is paid within
a given time, is not sufficient of itself to revive the policy,
as such policy has no consideration to support it.

The mere promise of an agent after the default has
occurred, to receive the premium up to such a time is a
*nudum pactum;* it is not a contract; because there are no
contracting parties; assured gives nothing, promises noth-
ing.   A lapsed policy can only be revived so far as the
assured is concerned by the actual payment and acceptance
of the premium on contract based upon sufficient consider-
ation.   2 Beach on Insurance, Sec. 975;  Lantz v. Vermont
Life Ins. Co., 139 Pa. St. 546;  Marvin v. Universal Life Ins.
Co., 85 N. Y. 278;  Washington M. L. Ins. Co. v. Rosen-
berger, 84 Pa. St. 375.

Waiver is founded on the principle of estoppel; it is
founded on the principle that the silence and acts of the
party have been such as to induce conduct on the part of
the other, and with the intention of inducing such conduct
and that by reason thereof he has altered his position for
the worse.   Schimp v. Cedar Rapids Ins. Co., 124 Ill. 354;
Northwestern M. L. Ins. Co. v. Amerman, 119 Ill. 329.

Mr. Justice Wright delivered the opinion of the Court.

Action in assumpsit by appellant against appellee, on an
insurance policy.   Trial by jury, and after the close of

plaintiff's evidence, on motion of appellee, the court instructed the jury to find the issues in its favor, and judgment accordingly, from which the appellant prosecutes this appeal, assigning such action of the court for error.

That part of the policy upon which the questions for decision arise, is as follows:

"No. 12. This policy shall not be binding upon this company until the premium is actually paid, and unless such payment is made before the fire occurs. When a promissory note is given by the assured for the premium it shall be considered a payment, provided such note is paid at or before maturity; but it is expressly understood and agreed by and between the parties that, should any loss or damage occur to the property hereby insured, and the note given for the premium, or any part thereof, remain past due and unpaid, in whole or in part, at the time of such loss or damage, then this policy shall be void while such note and premium remain unpaid. The collection of said note by said company, by law or otherwise, it is expressly agreed, shall not make said company liable for any loss or damage caused to the property insured while said note is past due and unpaid, but shall only have the effect when fully paid or collected to revive said policy from the date of said payment or collection, and continue the same to the end of the term for which it was originally made, and no longer, and said premium shall be considered as fully earned, the same as though said policy had been in force all the time."

The premium note in controversy is as follows:

"$20.

On the first day of August, 1894, for value received, I promise to pay to the German Insurance Company, or their order, at their office, in Freeport, Illinois, the sum of twenty dollars, in payment of premium on policy No. 1,265,872 of said company * * * from date until paid.

If this note is not paid at maturity said policy shall then cease and determine, and become null and void, and so remain until this note shall be fully paid and received and accepted by said company, as provided in said policy.

In case of loss under said policy, this note shall immediately become due and payable, and shall be deducted from the amount of said loss. It is understood and agreed that this note is not negotiable.

Dated at Varna this 11th day of June, 1894.

FRED. A. LENZ."

The property covered by the policy was destroyed by fire October 11, 1894, and at that time the premium note above quoted was unpaid. On October 15, 1894, appellee wrote to appellant demanding payment of the note, offering to reinstate the policy on payment of one-half the note and interest, $10.35, and to extend time for payment of the balance to February 1, 1895, and if such payment was not made within fifteen days, the note would be sent to an attorney for collection. Tender was made October 31, 1894, of the amount due upon the note, and it is argued, from the facts, the policy was in force at the time of the loss, and that appellee is liable thereon.

Under the terms of the note and policy, the latter was suspended during the period of non-payment of the premium note, after its maturity, August 4, 1894, and would be revived only upon payment, and then only from the time of such payment. By the terms of the contract there could be no forfeiture for non-payment of the premium note, for the insured, at all times, had the right to pay, and it was the duty of the insurer to receive payment, thereby reviving the policy. According to the terms of the contract, the policy was suspended at the time the loss occurred, in consequence of which appellee was relieved of liability. That which counsel insist was a forfeiture, was not, but only a suspension of the policy during the period of the non-payment of the note after it was due, and which was effected by operation of the contract made by appellant himself. If the facts relied upon had the effect of reviving the policy, it would take effect only after the loss, and would therefore be unavailing to appellant.

The policy and premium note here presented are, in all essential particulars, like those involved in the case of Car-

lock v. Phœnix Insurance Co., 138 Ill. 210, in which the court said : " The case is quite different from one in which, by the terms of the contract, the failure to pay the premium works a forfeiture of the policy.   In that case, since there can be no liability to pay premium where there is no liability upon the policy, the acceptance of premium is an implied admission of liability upon the policy; and it would be a fraud upon the insured to accept from him payment of premium and at the same time repudiate liability upon the policy.   Lycoming Ins. Co. v. Barringer, 73 Ill. 230, and cases cited.   But here the failure to pay the note at maturity is not an absolute forfeiture of the rights of the insured · under the policy, but a suspension simply of those rights until full payment of the note, by which act they would be revived in all their original force.   The receipt of partial payment of the note waived nothing, for the insured had the right to make payments from time to time, and thus revive the liability of insurer upon the policy, and what he had a right to pay, it was the duty of the insurer to receive. That he did complete the payment of the note before the loss was in nowise induced by the insurer's act of receiving partial payments.   Curtin v. Phenix Ins. Co., 78 Cal. 619."

The judgment of the Circuit Court will be affirmed.