HALE v. MICHIGAN FARMERS' MUTUAL FIRE-INSURANCE
CO. OF ST. CLAIR AND SANILAC COUNTIES.

FIRE INSURANCE—MUTUAL COMPANIES—PREMIUM NOTE—NONPAY-
MENT—EFFECT—ESTOPPEL.

> Where, at the time of becoming a member of a mutual fire-
> insurance company and receiving a policy, plaintiff signed a
> note for the premium which provided that if it were not paid
> at a certain time the policy should become and remain void
> until the note should be paid, plaintiff is estopped to contend
> that the taking of the note was ultra vires, and that his fail-
> ure to pay it did not avoid his policy.

Error to Sanilac; Beach, J. Submitted April 15, 1907.
(Docket No. 98.) Decided May 18, 1907.

Assumpsit by Dayton Hale against the Michigan Farm-
ers' Mutual Fire-Insurance Company of St. Clair and
Sanilac counties on a policy of insurance. There was
judgment for defendant on a verdict directed by the
court, and plaintiff brings error. Affirmed.

*C. F. Gates,* for appellant.

*Avery & Walsh (W. H. Burgess,* of counsel), for
appellee.

MONTGOMERY, J.    This is an action on a policy of in-
surance. Judgment in favor of defendant was based
upon a directed verdict. Plaintiff brings error.

The material facts are that plaintiff made a written
application to become a member of defendant company,
which application was accepted and a policy of insurance
issued. A promissory note of the plaintiff, given on the
27th day of October, 1903, and due on the 1st day of
December, 1903, for $11.80, the same being the estimated
advance assessments for the period of the policy, namely,

three years, was executed at the same time and as a part of the application. The application for insurance and this blank note consisted of one sheet of paper; the note being separate from the application at the time it was received by the company. At the time this application and note were received and accepted, the defendant company issued to plaintiff its policy of insurance. The application and note were made a part of the contract of insurance by the terms of the policy. This policy insured against loss by fire the dwelling house of plaintiff, household furniture, etc.; the house being insured for $600, and the furniture for $100. On the 2d day of February, 1905, this dwelling and contents were destroyed by fire; the loss on the house being $600, and on the furniture $48.58. Plaintiff by this action now seeks to recover $648.58. The assessment note, given 15 months before the fire, was not paid at the time of the fire, and is still unpaid. The note had this provision:

"It is a part of this contract that in case this note be not paid at or before maturity or 30 days after maturity that such policy shall cease and determine and be null and void and so remain until such note shall have been fully paid to said company as provided in said policy."

Plaintiff at no time offered to pay the note.

If it be assumed that this contract is valid, or has for the purposes of this case binding force, it is clear that plaintiff's right to recover is defeated by his default. *McIntyre* v. *Insurance Co.*, 52 Mich. 188; *Robinson* v. *Insurance Co.*, 76 Mich. 641 (6 L. R. A. 95). Plaintiff does not question the rule of the cases cited, but contends that under the statute under which defendant was organized (2 Comp. Laws, § 7266 et seq.), and under its charter filed with the insurance commissioner, the defendant did not have the right to accept premium notes as advance payment for assessments or otherwise, and it is argued that, as the note was unauthorized, the plaintiff cannot be in default for not paying it. We find it unnecessary to determine whether the statute or the charter are

one or either broad enough to authorize the form of contract which the parties attempted to make.   It is enough to rule this case to determine, as we do, that the only contract which the plaintiff has is one based upon the consideration of this note.   The parties neither of them understood or attempted to make any other.   Either the defendant's engagement had sufficient consideration in the note in the terms employed, or it had none.   It is not open to plaintiff to assert that he has a contract in terms which no one contemplated by eliminating the consideration as consisting of an ultra vires engagement.   The plaintiff is estopped from making this contention.   See *Dewey* v. *Railway Co.*, 91 Mich. 351, 361; *Cahill* v. *Insurance Co.*, 2 Doug. (Mich.) 124; *Providence Fire & Marine Ins. Co.* v. *Murphy*, 8 R. I. 131; *Jones* v. *Dana*, 24 Barb. (N. Y.) 395; *Fell* v. *McHenry*, 42 Pa. 41.

The judgment is affirmed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.