## Lewis Jones, Appellant, v. Aetna Insurance Company, Appellee.

1. INSURANCE—*validity of provision for nonliability while premium in default.* A provision of a contract of insurance that the insurer will not be liable for loss occurring while insured is in default in the payment of a premium note is valid and binding on the insured.

2. INSURANCE—*inadmissibility of evidence of oral agreement contravening policy provision for suspension during default in payment of premium.* Where a contract of fire insurance provided for suspension of the policy during any default in the payment of premium notes or instalments thereon, evidence that the agents

through whom the insurance was procured, agreed with insured that the insurer would notify him as to when and where and to whom he should pay the note and that such notice was not given until after the loss occurred, was inadmissible in an action on the policy as it would vary and contradict the terms of the written contract.

3. Insurance—*effect of payment of premium note after loss on provision for suspension of policy during default.* Payment by an insured of a premium note upon demand after a loss occurred while he was in default will not entitle him to recover under a policy which by its terms is suspended during default in payment.

4. Insurance—*acceptance of premium as waiver of provision for forfeiture for nonpayment.* If, under the terms of an insurance policy, a failure to pay a premium note when due works a total forfeiture of the rights of insured and the insurer, after such default, accepts the premium and treats the policy as in force, or by its conduct leads insured to believe that such is the case, a forfeiture cannot be enforced.

Appeal from the Circuit Court of Saline county; the Hon. A. E. Somers, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed September 23, 1922.

Fowler & Rumsey, for appellant.

Obermeyer, Stilwell & Wise, for appellee.

Mr. Justice Barry delivered the opinion of the court.

Appellee issued an insurance policy to appellant insuring him against loss by fire during a period of three years from January 17, 1918. The premium thereon was $12, for which appellant gave his note payable March 1, 1918. The policy contained the following provisions:

"Payments of notes, or instalments on notes, given for premium or part thereof on this policy must be made to the Aetna Insurance Company, at its western branch office, in Chicago, Illinois, or to those authorized to collect same for said company, and if such note or instalment be not paid when due, this policy shall be suspended, inoperative and of no force or effect while said note or instalment remains unpaid, and it

is hereby agreed that this company shall not be liable for loss or damage occurring during such default. Moreover, this company may collect by suit or otherwise any unpaid note or instalment, but legal action to enforce payment of a note or an instalment shall not revive this policy. This policy will be revived only when all such past due notes or instalments have been paid to this company, but such revival shall not carry the insurance beyond the original term of this policy. In settlement of loss or damage under this policy any unpaid note or instalment, given as whole or part premium thereof, will be deducted from said settlement.''

It will be observed that under the terms of the contract the policy and all rights thereunder were to be suspended and appellee was not to be liable for loss or damage occurring while appellant was in default in payment of his note. A portion of the insured property was destroyed by fire on March 7, 1918, while the note was past due and unpaid.

Appellant sued appellee to recover the amount of his loss and at the close of his evidence the court directed and the jury returned a verdict in favor of appellee. Judgment was rendered on the verdict and an appeal taken to this court.

The law is well settled that such a provision as the one contained in this contract of insurance is valid and binding on the insured. *Carlock v. Phoenix Ins. Co.,* 38 Ill. App. 283, affirmed in 138 Ill. 210; *Lenz v. German Fire Ins. Co.,* 74 Ill. App. 341; *Robinson v. Continental Ins. Co.,* 76 Mich. 641, 6 L. R. A. 95; *Continental Ins. Co. of New York v. Stratton,* 185 Ky. 523, 215 S. W. 416; *Dale v. Continental Ins. Co.,* 95 Tenn. 38, 31 S. W. 266; *Hale v. Michigan Farmers' Mut. Fire Ins. Co.,* 148 Mich. 454, 111 N. W. 1068; *Thompson v. Knickerbocker Life Ins. Co.,* 104 U. S. 252, 26 L. Ed. 765. See also 14 R. C. L. 977.

Appellant seeks to avoid the effect of the suspension clause by showing that the agents through whom he procured the policy agreed with him before the policy

was issued that appellee would notify him as to when and where and to whom he should pay the note and that such notice was not given until after the fire. Such evidence would vary and contradict the terms of the written contract and has been held to be inadmissible in cases of this kind. *Thompson v. Knickerbocker Life Ins. Co.*, 104 U. S. 252, 26 L. Ed. 765, and *Robinson v. Continental Ins. Co.*, 76 Mich. 641, 6 L. R. A. 95.

Appellant paid the note on April 8, 1918, upon demand made by appellee. It is well settled that the fact that liability under a policy is by the terms suspended while a note for the premium is overdue does not prevent collection of the entire note. 26 Corpus Juris 115, and cases cited. If a loss occurs before full payment is made, the insured cannot recover. *Carlock v. Phoenix Ins. Co.*, 138 Ill. 210; *Lenz v. German Fire Ins. Co.*, 74 Ill. App. 341; *Continental Ins. Co. of New York v. Stratton*, 185 Ky. 523, 215 S. W. 416.

The law is quite different where, under the insurance contract, a failure to pay the premium note works a total forfeiture of the rights of the insured. In such a case if the insurer afterwards accepts the premium and treats the policy as in force or by its conduct leads the insured to believe that such is the case, a forfeiture cannot be enforced. Under a suspension clause there is no forfeiture. The insured may pay his note and the insurer must accept it and the policy is thereby revived from the time full payment is made, but if a loss occurs while the insured is in default he cannot recover. The cases relied on by appellant are forfeiture cases.

It is evident that, under the law, appellant failed to make out a case and the court did not err in directing a verdict for appellee. The judgment is affirmed.

*Affirmed.*