Sneed, J.,
delivered the opinion of the court.
Upon a careful consideration of the pleadings and proof, we conclude that the decree of the chancellor is in the main correct. The proceeding in the county court of Madison county, at its June term, 1866, assuming to appoint David CT. Hall as trustee of Thomas "W". Gamewell, was null and void, and communicates no title to the property in controversy, and no authority over the same. The creation of a trust estate by a judicial proceeding, necessarily involves *598 a divestiture of the antecedent estate, and the parties iii interest must be parties to the cause, and before the court. This case presents a proceeding wholly ex parte, and whether had by mistake or design., in a court, of equity, its consequences must be the same. The pretended trustee, ( under well settled rules, must be treated as an officious actor in his own wrong, and can only be held a trustee so far as it may be necessary to avert or correct the wrongs which are done or may be done under color of his usurpe 1 authority. We are not prepared to say, however, that the transactions of the defendant in the management of the trust property may not have been predicated upon an¿honest mistake as to his authority, rather than a premeditated purpose to absorb the estate and defraud the parties in interest. But what he may have considered a legitimate speculation, a court of equity regards as a wrong, and must hold him to the consequences.
The. record in the case of Cyrus v. Simonds et al. interposes no estoppel upon the complainants 'to contest the validity of his appointment. This question was only incidentally involved in that proceeding, which was not instituted for the purpose of adjudicating that point, but only for the purpose of divesting and vesting title in property which had been sold by the real trustee in Ms lifetime, John M. Morrill. Such a proceeding might have been maintained in a court of equity, with or without a living trustee, and the mere incidental mention of the fact that the defendant had been appointed does in no sense adjudge the validity of said appointment. That can never be held res adjudicata unless it was specially in judgment. It does not appear, however, that the complainants were at the time advised of their rights in the premises. An estoppel cannot be predicated upon an innocent mistake.
It results as a legal sequence, that when property wrongfully held is recovered by the true owner, he is entitled also to an account for rents and profits during the period *599 of suck wrongful witbliolding. The bill charges that the defendants had collected and enjoyed the rents and profits of the complainants’ estate. It prays for an account, and for general relief. We hold it a proper case for an account of rents and profits in which defendants will be credited by permanent improvements not to exceed the rents.
It was proper also to discuss D. C. TIall’s bill as a “creditor’s bill,” but to retain it for the purpose of an account, and thus retained we are unable to see any sound reason why the defendant, D. C. Hall, in addition to his “accountings” as ordered by the chancellor, should not, in view of all the facts, be held to account also for the $465 surplus remaining in his hands, after the sale of the’ homestead reversion, with interest. We think it proper that he be held to an account for this fund, and with these modifications we affirm the decree as a whole, and remand the cause, for further proceedings.
The cost of this court will be paid by the defendant, D. C. Hall.