[No. 12698. In Bank. — April 19, 1889.]

## JOHN CURTIN, Respondent, v. PHENIX INSUR-ANCE COMPANY, Appellant.

Fire Insurance — Default in Payment of Premium Note — Suspension of Policy — Waiver — Receipt of Part of Premium. — A policy of fire insurance contained a provision that " in case the assured shall fail or refuse to pay the premium note when due, this policy shall then and thenceforward be and remain null and void, and the same cannot be revived without the written consent of the company; but this shall not prevent this company collecting, by suit or otherwise, the premium note; . . . . nor shall such attempt or suit be construed to revive this policy; but the same shall be and remain null and void during such default, and until said assured shall pay such premium note, . . . . and in such case this policy shall be revived." *Held*, that during the default of the assured in paying the premium note the policy was suspended, and that the receipt by the company of a part payment of the note after its maturity did not operate to waive the suspension.

Id. — Insufficient Payment to Company. — Where the premium note provides that payment thereof should be made at a particular place, and the policy provides that no agent of the company, except the general agent at that place, should have power or authority to waive or alter any of its terms or conditions, a payment made by the assured to a local agent of the company at a different place is not a payment to the company

Appeal from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow*, for Appellant.

Without payment of the premium there was no liability on the part of the defendant for the loss. (*Bergson v. Builders' Ins. Co.*, 38 Cal. 541; *Continental Ins. Co. v. Daly*, 33 Kan. 605; *Garlick v. Ins. Co.*, 44 Iowa, 553; *Gorton v. Ins. Co.*, 39 Wis. 121.) The local agent of the company had no authority to accept payment of the note in lumber. (*Hoffman v. Hancock Ins. Co.*, 92 U. S. 161; *Buffum v. Fayette Ins. Co.*, 3 Allen, 361; *Hoyt v. Mut. Ben. Ins. Co.*, 98 Mass. 544; *How v. Union Mut. Life Ins. Co.*, 80 N. Y. 39; *Brown v. Ins. Co.*, 59 N. H. 309;

*Doubleday* v. *Kress,* 50 N. Y. 415; Story on Agency, sec. 98; *Mudgett* v. *Day,* 12 Cal. 139.)

*F. D. & G. W. Nicol,* for Respondent.

The defendant, by its acts, declarations, and conduct, waived the forfeiture of the policy for non-payment of the premium. (*Insurance Co.* v. *Norton,* 96 U. S. 234; *Insurance Co.* v. *Eggleston,* 96 U. S. 573; *Appleton* v. *Phenix Ins. Co.,* 59 N. H. 541; 47 Am. Rep. 220.) The receipt of part payment on the premium note was a waiver of the breach. (*Frost* v. *Saratoga Mut. Ins. Co.,* 5 Denio, 154; 49 Am. Dec. 234; *Viall* v. *Genessee Mut. Ins. Co.,* 19 Barb. 440; *Insurance Co.* v. *Norton,* 96 U. S. 243; *Eureka Ins. Co.* v. *Robinson,* 56 Pa. St. 256; 94 Am. Dec. 65; *McCraw* v. *Old North State Ins. Co.,* 78 N. C. 149; *Meyer* v. *Ins. Co.,* 73 N. Y. 527; 29 Am. Rep. 200; *North Brunswick Co.* v. *New England F. & M. Ins. Co.,* 52 Me. 336; *New York Ins. Co.* v. *Nat. Prot. Ins. Co.,* 20 Barb. 468; *Viele* v. *Germania Ins. Co.,* 26 Iowa, 9; 96 Am. Dec. 83; *Silverberg* v. *Phenix Ins. Co.,* 67 Cal. 39; *Keenan* v. *State Mut. Ins. Co.,* 12 Iowa, 126; *Keenan* v. *Dubuque Mut. Ins. Co.,* 13 Iowa, 375; *Mershon* v. *Nat. Ins. Co.,* 34 Iowa, 87.)

WORKS, J.—Action on a policy of fire insurance. Defense that all of the premium had not been paid. Verdict and judgment for plaintiff. Defendant appeals.

The policy was issued on June 30, 1884, and was for a term of five years. No part of the premium was required to be paid in cash on the issuance of the policy. It provided for the giving of a promissory note, which was given as follows:—

" $190.

"On the first day of December, 1884, for value received, I promise to pay to the Phenix Insurance Company of Brooklyn, New York (at their office in San Francisco, California), $190.50 in payment of premium on policy No. C 3652 of said company, with seven per cent interest

from maturity until paid. If this note is not paid at maturity, said policy shall then cease and determine, and be null and void, and so remain until the same shall be fully paid and revived by said company. In case of loss under said policy, this note shall immediately become due and payable, and shall be deducted·from the amount of said loss. If this note be paid sixty days prior to maturity, all interest shall be waived. It is understood and agreed that this note is not negotiable."

The policy referred to in the note contained the following clause:—

"In case the assured shall fail or refuse to pay the premium note or notes, or order or orders, above described, when due, this policy shall then and thenceforward be and remain null and void, and the same cannot be revived without the written consent of the company; *but this shall not prevent this company collecting, by suit or otherwise, the premium note or notes, order or orders, above described,* nor shall such attempt or suit be construed to revive this policy; but the same shall be and remain null and void *during such default, and until said assured shall pay such premium note,* interest and fees, and costs, and until this company shall receive the same and return said promissory note to said assured, *and in such case this policy shall be revived.*"

The policy also contained the following clause:—

"No agent of this company has power or authority to waive or alter any of the terms or conditions of this policy, except only the general agents at San Francisco, and any waiver or alteration by them must be in writing."

At the time the policy was issued there was due from the company to the assured the sum of forty-four dollars, on account of return of premium on a surrendered policy, and this sum was credited on the note. The note was not paid at maturity, and some correspondence passed between the parties, consisting mainly of demands by the company for the amount. On June 5, 1885, which

was about seven months after the maturity of the note, the plaintiff sent to the general agents of the company at San Francisco the sum of one hundred dollars on account of the note, and this sum was accepted and retained. After this the general agents wrote to the plaintiff as follows: "We must have your note settled without further delay. Please close up this small balance." Plaintiff paid no further attention to the matter, for the alleged reason that he had sold some lumber to the local agent of the company, upon the agreement that the price was to be paid to the company on account of the balance of the premium, and supposed that the matter would be settled in this way. Nothing further was done on either side, and on April 25, 1887, the property was destroyed by fire.

It clearly appears from the evidence that if the plaintiff furnished lumber to the local agent upon his promise that he would pay the company the premium, the local agent failed to make such payment, and that plaintiff was notified of that fact long before the loss occurred and payment of the balance was demanded of him.

There can be no controversy as to the effect of the provisions in the note and policy. The failure on the part of the assured to pay the amount due did not work a forfeiture of his rights under the policy, but suspended the same until payment was made. In the mean time the company had the right to collect the balance due by suit or otherwise. Upon the collection of the whole amount due, the policy would have revived, but this could not be the effect of the collection of a part of the amount only. In order to obtain the benefit of the insurance, the assured was bound to pay the whole amount due by the express terms of his contract. As the company had the right to collect the money notwithstanding the suspension of the policy, the fact that it received a part of the amount could not amount to a

waiver.   It simply showed an intention to carry out the terms of the policy by collecting the premiun, and thereby reviving the same upon full payment being made.   This case differs widely from one in which the failure to pay at maturity works an absolute forfeiture of the policy.   There the acceptance of the premium after forfeiture is inconsistent with the terms of the policy, and therefore it is properly held that such acceptance is a waiver of the forfeiture; but there is no analogy between such a case and the one at bar.   Here the acceptance of the premium, after the maturity of the note, was entirely consistent with the right on the part of the company to hold the policy suspended until the whole amount was paid.   It was not a case of forfeiture in any sense of the term.   The right of the assured to avail himself of the benefits of the policy still remained; he could have paid the balance due at any time before the loss occurred and procured the writing provided for in the policy, and his insurance would have been as valid as in the beginning.   Having failed to pay, thus extending the suspension until the loss occurred, he has no reason to complain.   To hold otherwise in this case would be to set aside, absolutely, the plain and unequivocal terms of the contract.   This should not be done, however hard the case may seem.

As to the alleged payment to the local agent, if such payment was made it was in direct violation of the express terms of the note given by the plaintiff, which provided that payment should be made at the company's office in San Francisco, California, and the policy provided that no agent of the company had power or authority to waive or alter any of the terms or conditions of the policy, except the general agent at San Francisco.   But it does not appear that payment was in fact made.

For these reasons, we think the court below should have granted the defendant a new trial.   The failure to

pay the premium was fatal to the plaintiff's cause of action.

Judgment and order appealed from reversed.

SHARPSTEIN, J., THORNTON, J., McFARLAND, J., and BEATTY, C. J., concurred.