Equitable Insurance Co. *v.* Harvey.

EQUITABLE INSURANCE CO. *v.* HARVEY.

*(Jackson.*　　April 21, 1897.)

1. COURT AND JURY.　*Court construes written instrument.*

The Court should construe a written instrument put in evidence, and not submit its construction to the jury.　(*Post, pp. 637, 638.*)

2. BILLS AND NOTES.　*Transfer of nonnegotiable, for collection.*

The provision in a note that it is not negotiable, does not prevent its transfer to an agent for collection for the payee. (*Post, pp. 638, 639.*)

3. FIRE INSURANCE.　*No defense to premium note that solvent company went into liquidation providing for policies.*

That an insurance company went into liquidation during the life of the policy, is not a defense to an action upon a premium note, where it was solvent at the time and reinsured its risks in a good company, although the insured was not a party to the reinsurance. (*Post, p. 639.*)

4. SAME.　*Premium note collectible though default suspends policy.*

The fact that by the terms of a premium note the policy is suspended while the note is overdue and unpaid, does not defeat or prevent the collection of the entire note, after the same has, by its terms, become due. (*Post, pp. 639-642.*)

Cases cited: Caruthers *v.* McBurney, 3 Sneed, 590; Lane *v.* Manning, 8 Yer., 435; Holms *v.* Johnson, 12 Heis., 155; Wall *v.* Marsh, 9 Bax., 438; Miskelly *v.* Pitts, 9 Bax., 193; 19 Mich., 451 (S. C., 2 Am. Rep., 95); 60 Ind., 515; 30 Ohio St., 240; 40 Ohio St., 135; 39 Wis., 11; 6 L. R. A., 87; 83 Ky., 574; 36 N. Y., 157; 47 Mich., 447; 65 Mo., 81.

Cited and distinguished: Dale *v.* Cont. Ins. Co., 95 Tenn., 38.

FROM SHELBY.

Appeal in error from Second Circuit Court of Shelby County.　J. S. GALLOWAY, J.

Equitable Insurance Co. *v.* Harvey.

H. S. HALEY for Equitable Insurance Company.

JAMES M. GREER for Harvey.

WILKES, J.    This is an action by the Equitable Insurance Company to recover from the defendant upon a written obligation given for the premium on a policy of fire insurance.    There was a trial before a jury in the Court below, and a verdict and judgment for the defendant, and plaintiff has appealed, and assigned errors.    The obligation, which is called a note, is for $82.40, with interest from date of June 18, 1894, and attorney's fees, if collected by an attorney.    The obligation has these provisions, among others: "If this note is not paid at maturity, said policy shall then cease and determine, and be null and void, and so remain until this note shall be fully paid and received and accepted by the company, as provided in the policy.    It is understood and agreed that this note is not negotiable."    It was made payable December 1, 1894.    It appears that the policy of insurance was taken out June 18, 1893, and was to run for three years.    The note sued on in this case was a renewal of the note originally given when the policy was taken out, for $80 and six months' accrued interest upon it.    The Equitable Insurance Company, after taking this note, went into liquidation, reinsuring its risks in the Palatine Insurance Company, and turning over its assets, for purposes of liquidation, to the Nashville

Trust Company. The defendant, Harvey, was no party to the reinsurance.

It is assigned as error that the Court told the jury that if they found defendant was not insured, or, under the conditions of the note, the policy became void after default in payment of the note at maturity, or that the note had been assigned or transferred to the Nashville Trust Company for value, or that said company was the holder of the note, they should find for defendant. And it is further assigned as error that there is no evidence to support the verdict.

The defendant stated that he did not pay the note at maturity; that he did not consider that he had any insurance after the company went into liquidation, and gave the matter no further concern. The company went into liquidation December 20, 1894, and was solvent at that time.

We are of opinion that there is error in the charge of the Court and in the proceedings of the Court in the case. The instrument sued on in this case should have been construed by the Court and not left to the jury to construe, as was done by the charge. In addition, it was error to say to the jury that if the trust company was the holder of the note, they should find for the defendant. The trust company could collect this note as the agent of the insurance company, and this would not constitute such an assignment or transfer as is prohibited by the terms of the note, the trust company

having no beneficial interest in it, but simply collecting it in the name and for the benefit of the insurance company.

We are of opinion that the fact that the insurance company went into liquidation during the life of the policy, cannot .be a defense to the defendant, inasmuch as the company is shown to have been solvent, and had, moreover, reinsured its risks in a company abundantly good, and thus the defendant, although not a party to the reinsurance, was amply protected so long as he complied with his part of the contract.

It has been held in a number of cases that a failure to pay a premium note does not put an end to the policy when there is a provision that no liability shall attach during the time payment is suspended, but that it shall reattach when the premium note is paid; nor does the fact that the liability under the policy is suspended while the note is overdue, defeat or prevent the collection of the entire note. The leading case on this point is *Williams* v. *The Albany Ins. Co.*, 19 Mich., 451 (2 Am. Rep., 95), where the whole matter is fully discussed. In accord with this leading case are the cases of *American Ins. Co.* v. *Henley*, 60 Ind., 515; *Mutual Benefit Life Ins. Co.* v. *French*, 30 Ohio St., 240; *Joliff* v. *M. M. Ins. Co.*, 39 Wis., 11; *St. Pual Ins. Co.* v. *Coleman*, 6 L. R. A., 87; *Matthews* v. *American Ins. Co.*, 40 Ohio St., 135; *Blackerly* v. *Cont. Ins. Co.*, 83 Ky., 574; *Wall* v. *Home Ins. Co.*,

36 N. Y., 157; *Cauffeld* v. *Cont. Ins. Co.*, 47 Mich., 447. See, also, May on Ins., Sec. 342.

The case of *American Ins. Co.* v. *Klink*, 65 Mo., 81, is in point, with the additional feature that in that case it was contended the insurance company must remit a part of the premium note, in proportion to the time the policy was suspended, and the Court held that such contention could not be maintained.

These cases hold that provisions in a policy similar to the one now under consideration does not render the policy absolutely void upon failure to pay the note, but voidable only, at the option of the company; in other words, that the liability of the company is suspended during the default, but attaches on payment of the note.

Accordingly, it is held in the case of *Penn. Ins. Co.* v. *Geraldin*, 31 Mo., 20, that the company canceled the policy and put an end to it altogether, and could not, therefore, sue for the entire year's premium.

The case is to be distinguished from the cases of *Yost* v. *American Ins. Co.*, 39 Mich., 531, and *American Ins. Co.* v. *Stoy*, 41 Mich., 385, in that in these cases the contract was construed to be an insurance from year to year, and there was no provision in the note that the whole of it should become due in case of default, and, while there was such provision in the charter, still the charter was not made part of the contract.

In the case of *Williams* v. *The Albany Ins. Co.*, 2 Am. Rep., 95, there was a provision in the note that in case of default the whole premium should be considered as earned, and it was so held, also, in *Cauffeld* v. *Continental Ins. Co.*, 47 Mich., 447.

The case at bar stands upon the same footing as the two cases last cited, inasmuch as the whole premium became due at a certain date by the terms of the note, and this was equivalent to an agreement that at that date the whole premium should be treated as earned. The principle involved is the same as that laid down in *Caruthers* v. *McBurney*, 3 Sneed, 590; *Lane* v. *Manning*, 8 Yerg., 435; *Holms* v. *Johnson*, 12 Heis., 155; *Wall* v. *Marsh*, 9 Bax., 438; *Miskelly* v. *Pitts*, 9 Bax., 193–195. See, also, 4 Barn. & Ald., 402; 1 Denio, 518; 5 Cold., 271.

This holding is not at all in conflict with the case of *Dale* v. *Continental Ins. Co.*, 11 Pick., 38–52. The question in that case was whether the assured could recover (in case of loss) upon his policy while he was in default upon the premium notes, and the Court held, in obedience to the terms of the policy and note, and with the great weight of authority, that he could not, and this is evidently correct. The learned trial Judge evidently went upon the idea that if the assured could not recover upon his policy, neither could the company recover upon the note. This feature of the case is fully discussed in *St. Paul Ins. Co.* v. *Coleman*, 6

14 P—41

L. R. A., 89, where the contention was that the "risk and premium go hand in hand, and one ceasing the other ceases also," and it was held that such contention was not sound, and that if the premium had been paid, and the risk incurred for any period, no matter how short, no breach of a subsequent condition, for which the assured was responsible, would entitle him to a return of any of the premium, although the company had thereby ceased to be liable. The parties have the right to make their contract as they choose, and there is nothing harsh or inequitable in an agreement that, although the insurer is relieved from liability by the insured's default, still the premium note of the insured remains binding on him. The assured, if he desires to end the contract, has the option to cancel the policy by paying the premium due at customary short rates, and if he desired to keep it in force, could do so by paying the premium note. To affirm the judgment of the Court below would result that defendant has had insurance for about eighteen months, free of costs, up to the maturity of the note. He also had the right to insurance for the remainder of the time, on payment of the premium note.

The judgment is reversed, and cause remanded for new trial.