PALMER et al. v. CONTINENTAL INSURANCE
COMPANY.*

Sac. No. 619; July 9, 1900.

61 Pac. 784.

**Insurance—Liability While Premium Note Unpaid.**—Where
an insurance policy provided that the insurer should not be liable
while any note for premiums remained past due and unpaid, and
the notes executed in payment of premiums contained a similar pro-
vision, and the property was destroyed while the first premium note
was due and unpaid, the provision was valid, and the insured, by
tendering the amount of the note, could not hold the insurer liable
for the loss.

**Insurance—Acknowledgment of Receipt of Premium.**—Civil
Code, section 2598, enacting that an acknowledgment in a policy of
the receipt of a premium is conclusive evidence of its payment, so far
as to make it binding, notwithstanding a stipulation that it shall
not be binding until the premium is actually paid, applies only to a
policy containing a stipulation that it shall not be binding until the
premium is actually paid.

APPEAL from Superior Court, San Joaquin County.

Action by Mary G. Palmer and another against the Conti-
nental Insurance Company. Judgment for plaintiffs and de-
fendant appeals. Reversed.

Frank H. Gould for appellant; Louttit & Middlecoff for
respondents.

SMITH, C.—The suit was brought on a policy of insurance
to recover for loss by fire of part of the insured property.
The judgment was for the plaintiffs. The appeal is from the
judgment and from an order denying a new trial.

The policy was issued June 7, 1897, and purports to be "in
consideration of twelve dollars paid, and the payment of in-
stallments, when due, as follows: Twelve dollars on the first
day of June, 1898, 1899, 1900, 1901," etc. The actual con-
sideration consisted of two notes made by plaintiffs to defend-
ant March 27, 1897—one for $48, payable in installments as
above stated; the other for $12.65, payable on or before Octo-

*For subsequent opinion in bank, see 132 Cal. 68, 64 Pac. 97.

ber 1, 1897 ("being first payment for policy of insurance based upon application made this day," etc.). In the mortgage occurs the following provision, following the agreement for insurance: "But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to . the property herein mentioned while any note or obligation, or part thereof, given for the premium, remains past due and unpaid." And similar provisions are contained in each of the notes. The note for the "first payment" was overdue and unpaid at the time of the fire, which occurred October 11, 1897. Payment was tendered October 15th, but declined on the ground that the loss had already occurred.

The agreement in the policy that the company should not be liable for any loss occurring during default in payment of any note "given for the premium" in its terms applies to all notes coming under that description, including the note given for "first payment"; nor is such an agreement objectionable on the score of public policy or otherwise. On the contrary, agreements of this character in policies of insurance are quite common, and have been sustained in many cases: Joyce on Insurance, secs. 1204, 1205, 1209; Continental Ins. Co. v. Dorman, 125 Ind. 189, 25 N. E. 213; Gorton v. Insurance Co., 39 Wis. 121; Joliffe v. Insurance Co., 39 Wis. 111, 20 Am. Rep. 35; Williams v. Insurance Co., 19 Mich. 451, 2 Am. Rep. 95; Robinson v. Insurance Co., 76 Mich. 641, 6 L. R. A. 95, 43 N. W. 647; Wall v. Insurance Co., 36 N. Y. 157; Curtin v. Insurance Co., 78 Cal. 619, 21 Pac. 370. The only case cited to the contrary is that of Illinois Cent. Ins. Co. v. Wolf, 37 Ill. 355, 87 Am. Dec. 251. But the decision in that case is obviously based upon a misapprehension of the principle invoked to sustain it, which, as stated by the court, is that, "in a deed for conveyance of lands the recital of payment of the consideration may be contradicted, provided it is not sought by such evidence to impair the effect of the deed as a conveyance." The meaning of this, as explained in Kimball v. Walker, 30 Ill. 511, 512, cited in the decision, is that the effect of a deed or conveyance operating under the statute of uses cannot be destroyed by proving there was no consideration. But this principle could have no application to the case under consideration, where it was not sought to impair the effect of the policy in question, but to establish its real terms.

It is, however, contended by respondents that a different rule is established by the provision of section 2598 of the Civil Code, which reads as follows: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid." But the effect of this provision is simply to apply to policies of insurance the rule applying to deeds above referred to, and thus to make the acknowledgment of receipt conclusive so far as to make the policy binding. Before the enactment of the code the point was disputed. In some cases the acknowledgment of receipt was held to be conclusive, as, e. g., in New York Cent. Ins. Co. v. National Protection Ins. Co., 20 Barb. (N. Y.) 468, and in Goit v. National Protection Ins. Co., 25 Barb. 189, cited in the annotated edition of the code and in Field's Code. In others, as, e. g., in Sheldon v. Insurance Co., 26 N. Y. 460, 84 Am. Dec. 213, cited in same, and in this state in the case of Bergson v. Insurance Co., 38 Cal. 541, cited in Farnum v. Insurance Co., 83 Cal. 258, 17 Am. St. Rep. 233, 23 Pac. 869, the contrary was held. Hence in the case last cited, in construing this section, all that is held is "that a tender of the payment of the premium in full, within the term of the credit allowed, is a sufficient compliance with the condition of payment to sustain an action on the policy"; and similarly in Griffith v. Insurance Co., 101 Cal. 636, 40 Am. St. Rep. 96, 36 Pac. 113, the rule is said to be that, where credit is given for the premium, "the company insuring is liable for a loss which may occur during the period of credit." The reason for the rule, and for its limitation as given, is thus expressed in the former case (citing Van Schoick v. Insurance Co., 68 N. Y. 440): "The fact that the insurer delivered to the insured the written contract as the consummated agreement between them, and did not then exact present payment of the premium as a necessary precedent to delivery, was too plainly in contradiction with the condition for prepayment for it to be supposed that it was meant by the insurer or supposed by either party to make that condition a potent part of the contract." To hold otherwise, it is added, "would be [to impute] a fraudulent intent to" the insurer. Hence the section of the code cited must be construed as applying only to the class of policies described

in it (that is to say, to cases where there is "a stipulation [in the policy] that it shall not be binding until the premium is actually paid"), and as providing that in such cases the policy cannot be annulled by showing, in contradiction to its recitals and to the acts of the parties, that the premium was in fact not paid. Hence the section does not provide generally that the "acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment," but merely that it is thus conclusive "so far as to make the policy binding." Beyond this, as in the case of deeds, the receipt is not conclusive; nor are the parties precluded from showing that the consideration was other than as stated. But here the respondent does not question the validity of the policy, but seeks to enforce its provisions. Nor does it seek to vary the written instrument by evidence aliunde, but relies upon the express terms of the policy and of the note, which, upon familiar principles, are to be taken together as parts of one transaction: Civ. Code, sec. 1642. Nor is it even claimed that the premium was not paid, but simply that it was paid by the note for "first payment"; which was accepted as payment to the extent and upon the terms stipulated, and subject to the express agreement that the liability of the company should cease pending default. We therefore advise that the judgment and order denying a new trial be reversed.

We concur: Cooper, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.