## C. R. McCULLOUGH *et al. v.* HOME INSURANCE COMPANY.

### '(*Nashville.* December Term, 1906.)

1. **FIRE INSURANCE. No recovery for loss during default of payment of installment premiums, when.**

   A fire insurance policy is properly construed to be for a period of five years, and not for five consecutive terms of one year each, when the premiums are payable in cash and four installments at stated annual periods, the first installment being payable less than one year after the date of the policy, with a provision in the application, policy, and installment notes that the policy shall lapse and be suspended and inoperative, and the company not liable for any loss occurring during a default in payment of any of said installments, with a provision in the notes that in the event of the nonpayment of any of the installments, in a certain contingency, the whole amount may be declared due and collected. No recovery can be had under such policy for a loss occurring during a default in payment, though such loss occurs during the time paid for, if the policy were considered as one for five  consecutive terms of one year each.

2. **SAME.** Same. **Suspension of liability for default in payment of premiums is valid, when.**

   A stipulation for a suspension of liability under an insurance policy in case of default in payment of the premium is a reasonable, valid, and enforceable provision; and if a loss occurs while the insured is in default, within the terms of his policy, no recovery can be had.    (*Post, pp.* 270-272.)

   Cases cited and approved:   Dale v. Insurance Co., 95 Tenn., 38; Insurance Co. v. Harvey, 98 Tenn., 641; Klein v. Insurance Co., 104 U. S., 88; and cases from other States cited in the opinion, pages 270, 271.

   Case cited, approved, and distinguished:   Kimbro v. Insurance Co., 101 Tenn., 245.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —JOHN ALLISON, Chancellor.

SMITHSON & ARMSTRONG, for complainants.

VERTREES & VERTREES and MARSHALL & ARMSTRONG, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Complainants bring this bill to recover $404, loss and damage caused by fire to property covered by a policy issued to them by the defendant. Issuance of the policy, loss by fire to the extent claimed, and that proper notice was given and proof furnished, are conceded.

The controversy is whether, under a provision in the policy that the company should not be held for any loss occurring while any part of the premium was due and unpaid, the policy was suspended by the failure of the complainants to pay a certain installment of a premium note made by them, and past due when the property was destroyed. The determination of this question depends upon the proper construction of the

contract made by the parties, in relation to which they differ widely.

Complainants applied to the defendant February 24, 1902, for two policies, covering the property damaged by fire, in the sum of $1,050 each, one to indemnify them against loss by fire and the other by tornado, for a period of five years, the premium upon the first to be $60, and upon the latter $10.50, one-fifth of each to be paid in cash, and the remainder in four annual installments, due upon the 1st day of January of each succeeding year. The application was accepted, the policies issued as of March 19, 1902, the cash payments made, and a note executed for the deferred payments upon both policies, in the sum of $56.10. When the loss occurred, January 24, 1905, the installment of $14.10 due January 1, 1905, was unpaid. This is the default which the defendant claims suspended the operation of the policy.

Complainants' contention is that the contract was for insurance by the year, and each installment of the note covered the premium for a particular year, payment of which was all that was required to keep the policy in force for that year, and that the installment for the year in which the loss occurred had been paid, and failure to promptly pay the premium for the succeeding year did not suspend the policy for the year in which this loss occurred.

The defendant insists that the contract was for an entire term of five years, for a gross premium of $60,

credit for four-fifths of which was given, payable as provided in the note made, and that a failure to pay any installment immediately suspended the policy.

The application for the insurance, the policy issued, and the note executed all appear in the record, and the terms of the contract can best be seen by reference to them.

The application, after providing that a note shall be made for the deferred payments of the premium, contains this statement:

"If any installment of premium for the policy that may be issued upon this application shall not be paid at maturity, or if any single payment of promissory note (acknowledged as cash or otherwise), given for the whole or any portion of the premium for the policy that may be issued upon this application, shall not be paid promptly when due, then said policy shall be suspended, inoperative, and of no force or effect until such installment or promissory note is paid. The company shall not be bound by any act done or statement made by or to any agent or other person which is not contained in this my application."

The provisions of the policy upon which the defense rests are these:

"In consideration of $12 paid, and the payment of installments when due on an installment note of $48 due as follows: $12 on the 1st days each of January, 1903, 1904, 1905, 1906, and the warranties made in the

assured's application for indemnity in said company, does insure," etc.

". . . . But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any nstallment of the installment note given for premium upon this policy remains past due and unpaid, or while any single payment or promissory note (acknowledged as cash or otherwise), given for the whole or any portion of the premium, remains past due and unpaid. Payment of notes and installments thereof must be made to the Home Insurance Company, at its Western Farm Department office, in Chicago, Illinois, or to a person or persons specially authorized to collect the same for said company. . . .

". . . And it is hereby understood and agreed by and between the company and the assured, that this policy is made in reference to the foregoing terms and conditions, which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases not herein specifically provided in writing."

The note of complainants is in these words:

"For value received in Policy No. F. J. 145, 880, B. 110, 427, dated the — day of ——, 19—, issued by the Home Insurance Company of New York, we promise to pay to said company, or order (by mail if requested, at the office of its Western Farm Department in Chicago,

Illinois, $56.40, in installments as follows: $14.10 upon the 1st day of January, 1903, $14.10 upon the 1st day of January, 1904, $14.10 upon the 1st day of January, 1905, $14.10 upon the first day of January, 1906, without interest. And it is hereby agreed that in case any of the installments herein named shall not be paid at maturity, or if any single payment, promissory note acknowledged as cash or otherwise, given for the whole or any portion of the premium for said policy, shall not be paid promptly when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company at the Western Farm Department at Chicago, and, in the event of nonpayment for time expired as per terms on short rates, the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due, and payable, and may be collected by law. Given in payment for a policy of insurance."

Construing the contract evidenced by these instruments in accordance with the intent of the parties as therein plainly expressed, we are of the opinion that the Home Insurance Company contracted with the complainants to insure their property, described in the policy, against loss by fire for five years, from March 19, 1902, to March 19, 1907, for the consideration of $60, $12 to be paid in cash, and a like sum on the 1st day of each succeeding January until the entire premium was paid, with the express provision that the policy should be suspended and the company be not liable for

any loss occurring while any of said payments may be due and unpaid, with the further right in the company to declare all of the premiums then unpaid due, and to collect the same.    In other words, complainants agreed to pay $60, one-fifth in cash and the other four-fifths in annual installments, upon the several days fixed in the note, for indemnity against loss by fire upon their property for the term of five years, subject to suspension of the liability of the company during the continuance of any default made by them in meeting the deferred payments, with the further penalty of all of the unpaid premium being declared due and collectible at the option of the company.

These are the plain and unmistakable terms of the contract voluntarily and deliberately made by the complainants, three times repeated, twice in papers signed by them, and in the policy in their possession.    There is nothing in either the application, the policy, or the note tending to show that it was a contract for insurance for five consecutive terms of one year each, nor that each payment or installment was to cover the premium for a particular year.    We cannot give the contract the meaning contended for by complainants without importing into it something that is not there, or making a new contract for them, which we have no power to do.

The provision that upon default of payment the company, at its option, may declare the entire premium unpaid due, and collect the same, is conclusive evidence

that it was the intent of the parties to make a contract for five years, in consideration of a gross sum then agreed to be paid in certain fixed installments.

The stipulation for a suspension of liability under a policy in case of default in payment of the premium is a reasonable one, made to enforce prompt payment of that part of the premium for which credit is given. It violates no principle of public policy or rule of the common or statute law, and is valid. Such a stipulation only becomes effective and injurious to the insured upon their own default in a matter of which they have full notice and about which they cannot be mistaken.

These being the terms of the contract, the decision of the case is without difficulty. The well-settled rule, as stated and enforced in the adjudged cases of all courts of last resort to which we have had access, and laid down in the text-books of authority, upon this subject, is that provisions of this character in insur-ance policies are valid and enforceable, and that if a loss occurs while the insured is in default, within the terms of his policy, no recovery can be had. *Dale* v. *Continental Ins. Co.,* 95 Tenn., 38, 31 S. W., 266; *Equitable Ins. Co.* v. *Harvey,* 98 Tenn., 641, 40 S. W., 1092; *Phoenix* v. *Bachelder,* 32 Neb., 490, 49 N. W., 217, 29 Am. St. Rep., 443; *Gorton* v. *Dodge Co. Ins. Co.,* 39 Wis., 121; *Wall* v. *Home Ins. Co.,* 36 N. Y., 157; *Curtin* v. *Phoenix Ins. Co.,* 78 Cal., 619, 21 Pac., 370; *Garlick* v. *Mississippi Valley Ins. Co.,* 44 Iowa, 553; *Klein* v. *N. Y. Life Ins. Co.,* 104 U. S., 88, 26 L. Ed., 662; *Con-*

*tinental Ins. Co.* v. *Chuw,* 11 Ind. App., 330, 38 N. E., 417, 54 Am. St. Rep., 506; *Continental Ins. Co.* v. *Boykin,* 25 S. C., 323, 327; *Palmer v. Continental Ins. Co.,* 31 Mo. App., 467; *Schimp* v. *Cedar Rapids Ins. Co.,* 124 Ill., 354, 16 N. E., 229; *Beeman* v. *Ins. Co.,* 104 Iowa, 83, 73 N. W., 597, 65 Am. St. Rep., 424; *Pitt* v. *Berkshire Ins. Co.,* 100 Mass., 500; *Fowler* v. *Met. Life Ins. Co.,* 116 N. Y., 389, 22 N. E., 576, 5 L. R. A., 805; *Alexander* v. *Continental Ins. Co.,* 67 Wis., 422, 30 N. W., 727, 58 Am. Rep., 869; Kerr on Insurance, secs. 131-301; Joyce on Insurance, vol. 3, sec. 2510; Cooley on Insurance, vol. 2, sec. 1867; May on Insurance, secs. 343-345; Elliott on Insurance, secs. 128-130; Ostrander on Fire Insurance, p. 293, sec. 93.

Complainants, in the argument, relied upon the case of *Kimbro* v. *Insurance Company,* 101 Tenn., 245, 47 S. W., 413, as holding a different rule from that here followed, and as sustaining their contention. This is a misconception of that case. The contract there, as construed by the court, although one note, payable in installments, was given for the premiums to be paid for insurance for five successive years, was one for insurance by the year, and each installment of the note was in payment of the premium for a particular year, and that covering the year in which the loss occurred had been paid; while the contract in this case is for a term of five years for a gross premium, credit for part of which is extended, for the accommodation of the insured, upon condition of prompt payment and suspension of liability

during continuance of any default. The difference in the cases of *Dale* v. *Insurance Co.*, and other authorities cited, and the case of *Kimbro* v. *Insurance Co.*, is not in the law, but in the facts involved. In the latter case it is said:

"The clear construction of the policy is that each yearly installment was to pay for insurance for one year, and that the year was to run from March 10th of one year to March 10th of the next, although the yearly payment was due on March 1st."

The exact terms of the application, the policy, and the note involved in that case are not set out verbatim in the opinion of the court. We are, however, clear as to the proper construction of the contract sued upon in this case, and that we have construed it according to the intention of the parties, which must control.

The decree of the court of chancery appeals is reversed, and complainant's bill dismissed, with costs.