## J. B. DAVIS v. HOME INSURANCE COMPANY.

[(*Nashville.*  December Term, 1912.)

**1. INSURANCE.  Provision for suspension of policy for nonpayment of premiums is valid and enforceable.**

A provision in an insurance policy that if any installment of premium shall not be paid at maturity, or if any note given for the whole or any part of the premium shall not be paid promptly when due, the policy shall be suspended and of no effect until such installment or note is paid, is valid and enforceable, and if a loss occurs while the insured is so in default, no recovery can be had for the same.  (*Post, pp.* 332-335.)

Cases cited and approved:  Dale v. Insurance Co., 95 Tenn., 38; McCullough v. Insurance Co., 113 Tenn., 263.

**2. BILLS AND NOTES.  Stay of judgment is not a payment.**

The stay of a judgment on a note does not operate as a payment thereof.  (*Post, pp.* 336, 339.)

**3. ATTORNEY AND CLIENT.  Attorneys cannot surrender rights of clients without authority.**

Attorneys have no power to surrender substantial rights of their clients without express authority.  (*Post, p.* 337.)

Case cited and approved:  Holms v. Johnston, 12 Heisk., 158.

**4. SAME.  Attorneys can receive nothing but money in payment, and cannot accept stay of judgment as payment of insurance premium notes.**

Where a claim is intrusted to an attorney for collection, he cannot, unless so authorized by his client, accept payment in anything but money, and he has no power to accept the notes of third persons in payment; and therefore an attorney intrusted with the collection of insurance premium notes has no authority to bind the insurance company (his client) by a statement that a stay of the judgment thereon would be as good as a payment. (*Post, pp.* 336-338.)

Davis v. Insurance Co.

Cases cited and approved: Kenny v. Hazeltine, 6 Humph., 63; Baldwin v. Merrill, 8 Humph., 139; Pendexter v. Vernon, 9 Humph., 84; Fitch v. Scott, 3 How. (Miss.), 314.

Case cited and distinguished: Insurance Co. v. Fallow, 110 Tenn., 720.

5. INSURANCE. Erroneous opinion of attorney, regarded as agent for collection of premium notes, does not estop company to assert suspension of policy for nonpayment of premiums.

The erroneous opinion of the attorney of an insurance company, even though he be regarded as the agent of the company for the collection of premium notes, that a stay of the judgment thereon would be as good as the payment thereof, will not estop the company from asserting a suspension of the policy on account of the nonpayment of premiums; for an estoppel cannot be predicated upon an innocent mistake as to legal rights. (*Post, pp.* 336, 337, 338.)

Cases cited and approved: Vincent v. Hall, 1 Shannon's Cases, 97; Harlan v. Harlan, 15 Pa., 07; Davis v. Bagley, 40 Ga., 181.

Case cited and distinguished: Insurance Co. v. Fallow, 110 Tenn., 720.

---

FROM SMITH.

---

'Appeal from the Chancery Court of Smith County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—A. H. ROBERTS, Chancellor.

L. A. LIGON and H. B. MCGINNESS, for complainant.

VERTREES & VERTREES and FISHER & FISHER, for defendant.

Mr. JUSTICE GREEN delivered the opinion of the Court.

This bill was filed to recover $725, the amount of a policy of insurance issued by defendant company on certain property of the complainant, which property was destroyed by fire. There was a decree below in favor of complainant, which was affirmed by the court of civil appeals, and the case is before us on *certiorari*.

On May 7, 1909, this defendant issued upon the property in question a policy whereby it insured said property for a period of five years. In payment of the premium, complainant paid $12.60 in cash, and gave his note for $50.40, payable in annual installments of $12.60 each, said installments being due, respectively, on June 1, 1910, June 1, 1911, June 1, 1912, and June 1, 1913.

The installment of this note, falling due June 1, 1910, was not paid, and in the fall of that year the note was sent for collection to Fisher & Fisher, attorneys at Carthage. Some negotiations were had between these attorneys and the complainant. Complainant first expressed a desire to obtain a cancellation of the policy and a release of liability on his note by payment of the short-term rate, and was advised by the company what it would be necessary for him to pay to become so released. He did not pay the short-term rate, however, nor did he pay the past-due installment, and finally the company sued him for the full amount of the note, interest, and attorney's fees, and obtained judgment against him for $63.65 May 27, 1911. The note contained a provision for the payment of attorney's fees, and also contained

a provision to the effect that the failure to pay any installment of said note when due rendered the whole note due and payable at the option of the company.

Judgment, as before stated, was rendered against the complainant May 27, 1911, before a justice of the peace, and this judgment was stayed. Before the expiration of the stay, to wit, on October 1, 1911, the property insured was destroyed by fire.

The following clause is contained in the application made by complainant Davis for this insurance.

"If any installment of premium for the policy that may be issued upon this application shall not be paid at maturity, or if any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium for the policy that may be issued upon this application, shall not be paid promptly when due, then said policy shall be suspended, inoperative, and of no force or effect until such installment or promissory note is paid. The company shall not be bound by any act done or statement made by or to any agent or other person, which is not contained in this my application."

In the policy issued to complainant are the following provisions:

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installments of this installment note given for premium on this policy remains past due and unpaid, or while any single payment, promissory note (acknowledged as cash or other-

wise) given for the whole or any portion of the premium, remains past due and unpaid. Payments of notes and installments thereof must be made to the said Home Insurance Company at its Western Farm Department office in Chicago, Illinois, or to a person or persons especially authorized to collect the same for the company."

"The company may collect by suit or otherwise any past-due note or installments thereof, and receipt from the said Chicago office of the company for the payment of past-due notes or installments must be received by the assured before there can be a revival of the policy. Such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of the policy."

In a suit against this same company upon a contract, except in dates and figures, identical in terms with this, the court said:

"Construing the contract evidenced by these instruments in accordance with the intent of the parties as therein plainly expressed, we are of opinion that the Home Insurance Company contracted with the complainants to insure their property described in the policy against loss by fire for five years, from March 19, 1902, to March 19, 1907, for the consideration of $60, $12 to be paid in cash and a like sum on the first day of each succeeding January until the entire premium was paid, with the express provision that the policy shall be suspended and the company be not liable for any loss occurring while any of said payments may be

due and unpaid, with a further right in the company to declare all of the premiums then unpaid due and to collect same. . . . The stipulation for a suspension of liability under a policy in case of default in payment of the premium is a reasonable one, made to enforce prompt payment of that part of the premium for which credit is given. It violates no principle of public policy or rule of the common or statute law, and is valid. Such a stipulation only becomes effective and injurious to the insured upon their own default in a matter of which they have full notice and about which they cannot be mistaken. These being the terms of the contract, the decision of the case is without difficulty. The well-settled rule, as stated and enforced in the adjudged cases of all courts of last resort to which we have had access, and laid down in the text-books of authority upon this subject, is that provisions of this character in insurance policies are valid and enforceable, and that if the loss occurs while the insured is in default within the terms of his policy, no recovery can be had." *McCullough* v. *Insurance Co.,* 118 Tenn., 263, 100 S. W., 104, 12 Ann. Cas., 626.

To the same effect are the cases of *Dale* v. *Continental Insurance Co.,* 95 Tenn., 38, 31 S. W., 266, and *Equi- t 'e Insurance Co.* v. *Harvey,* 98 Tenn., 641, 40 S. W., 1092.

It thus appears that the various provisions of the policy here sued upon, as quoted above, are held valid and enforceable in this State.

. It is not contended on behalf of the complainant that the stay of the judgment operated as a payment of this note. Such contention, of course, could not be sustained. The obligation was not discharged by the stay.

The ground upon which the decree of the courts below is based is that by reason of certain conduct of Mr. Fisher, in whose hands this premium note was placed for collection, the company became estopped to deny liability, and to insist on the forfeiture, or rather suspension, of the policy.

It appears that the complainant, Davis, contested the insurance company's right to recover on this note, and, when judgment was given by the magistrate in the company's favor, complainant proposed to appeal the case to the circuit court, and had some conversation with Mr. Fisher relative to this appeal.   Complainant says:

"I asked Mr. Fisher, if I was to stay it, would it be all right? and he said, if I stayed it, it would be just as good as if it was paid.   I didn't have the money to pay the judgment right then.   He said my insurance would be just as good as if I were to pay the note off, if I stayed it."

Asked why he did not appeal, complainant replied:

"It was what Mr. Fisher said to me.   He had always been my friend, and I took what he said."

It is proper to say that Mr. Fisher denies making any such statement as this to the complainant prior to the entry of the stay.   Other evidence is offered by both sides as to what was said by Mr. Fisher.   The chancellor and the court of civil appeals, however, have concurrent-

ly found that Mr. Fisher did advise complainant as indicated in complainant's testimony, and that, acting on this advice, complainant thereupon stayed the magistrate's judgment.

We are referred to the case of *Insurance Co.* v. *Fallow,* 110 Tenn., 720, 77 S. W., 937, and other cases, to the effect that insurers are estopped to insist upon forfeiture for non-payment of premiums when due, if the insured has been led to believe, by any course of action, representation, or dealings of the insurer, that a forfeiture will not be insisted upon. This rule of law was applied to the present case by the courts below, with the result that decrees were rendered for the complainant.

While conceding the soundness of the principle stated above and relied on by the complainant, we do not think it can find present application.

Fisher & Fisher were merely attorneys at law, to whom the collection of this note was intrusted. Attorneys have no power to surrender substantial rights of their clients without express authority. 3 Am. & Eng. Enc. of Law (2d Ed.), 357; *Holms* v. *Johnston,* 12 Heisk., 158.

They cannot accept payment of a claim in anything but money, unless so authorized by their clients. *Kenny* v. *Hazeltine,* 6 Humph., 63; *Baldwin* v. *Merrill,* 8 Humph., 139.

They have no power to accept the notes of third persons in payment of claims intrusted to them for collection. 3 Am. & Eng. Enc. of Law (2d Ed.), 363; *Fitch* v. *Scott,* 3 How. (Miss.), 314, 34 Am. Dec., 86. They

cannot accept a deed of trust. *Pendexter* v. *Vernon*, 9 Humph., 84.

In view of the provisions of this contract, and in view of the general limitations upon the powers of attorneys at law noted in the authorities above, it must be conceded that, as an attorney at law, Mr. Nelson Fisher, who had charge of this matter, had no authority to bind the company, even if he had undertaken to make a definite agreement with complainant to accept a stayed judgment as payment of this premium note. It is not contended that Mr. Fisher did make such an agreement. All that it is claimed he did was to state to complainant that in his opinion a stay of the judgment would amount to payment.

It is insisted, however, that Mr. Fisher was more than an attorney in this matter; that he was an agent especially intrusted with collection of this company's premium notes in this section; that it was the company's habit to intrust him with such collections; and that he had the usual authority of insurance agents to whom is committed the duty of collecting premiums.

If all this be true, still we do not think Mr. Fisher's statements to the complainant with reference to the effect of a stay of this judgment could be treated as a waiver of the company's right to insist on the suspension provisions of the policy.

Mr. Fisher did not undertake to make any contract for extension, nor did he make any representation of fact whatever to the complainant. He only undertook to give his opinion as to the legal effect of a stay of this judgment upon the rights of the parties.

As we have seen, this opinion was erroneous. A stay of judgment is not payment. Mr. Fisher was mistaken as to the legal rights of the parties under such circumstances. That it was an innocent mistake, honestly made, is not questioned.

The law is well settled that "the acts and declarations of a party, based upon an innocent mistake as to his legal rights, will not estop him to assert the same." 16 Cyc., 734.

"An estoppel cannot be predicated upon an innocent mistake." *Vincent* v. *Hall,* 1 Shan. Cas., 597. See *Harlan* v. *Harlan,* 15 Pa., 507, 53 Am. Dec., 612; *Davis* v. *Bagley,* 40 Ga., 181, 2 Am. Rep., 570, and other cases cited in note 21, 16 Cyc., 734.

So, upon the authorities, it is manifest that the defendant company is not here estopped from insisting upon the provisions of this policy by reason of the acts of Mr. Fisher. This must be true, whether Mr. Fisher be regarded as attorney or agent.

Other matters are raised in the case, but not seriously insisted on at the bar, and will not here be considered.

It appears in the record that complainant has offered to pay this judgment to the company several times, but the latter has refused to receive it. If the company hereafter insists on the right to collect the entire amount of the magistrate's judgment, which has been stayed, other questions will perhaps arise, which may then be dealt with.

The decree of the chancellor and of the court of civil appeals will be reversed, and the bill dismissed, at complainant's cost.