# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
March 2000 Session

## CLEMENTINE NEWMAN v. ALLSTATE INSURANCE COMPANY, ET AL.

### A Direct Appeal from the Circuit Court Shelby County
### No. 95575 T.D.     The Honorable Robert L. Childers, Judge

---

### No. W1999-02064-COA-R3-CV - Filed September 12, 2000

---

Automobile owner sued body shop and her insurance company for alleged faulty repairs to vehicle after it was involved in a collision. The body shop repaired what the insurance company authorized, but owner initially claimed other damages which the insurance company and body shop determined were not a result of the collision. During attempts to resolve the dispute, body shop was willing to repair anything authorized by the insurance company, but requested the owner to pay the deductible and retrieve her automobile from their facility. Owner refused to take the automobile, and the body shop, after notification to her, started charging storage charges. In the suit that was initially tried in general sessions court, then *de novo* in the circuit court, owner sought to recover storage charges paid an additional award for other damage to her vehicle and for relief under the Tennessee Consumer Protection Act. The trial court awarded owner a judgment against the insurance company for additional damages and denied her claims under the Tennessee Consumer Protection Act and for repayment of the storage charges. Owner has appealed.

### Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Clementine Newman, Memphis, Pro Se

Jerry A. Schatz, Memphis, For Appellee, Abra Auto Body
Christopher S. Marshburn, Memphis, For Appellee, Allstate Insurance Company

#### OPINION

Plaintiff, Clementine Newman appeals the judgment of the circuit court awarding her damages against defendant, Allstate Insurance Company (Allstate), and the circuit court's failure to award damages against defendant, ABRA Auto Body (ABRA).

On May 8, 1997, Plaintiff Clementine Newman was involved in an automobile accident in which her 1988 Cadillac Seville struck the rear of another vehicle. Ms. Newman filed a claim with

her insurer, Defendant Allstate, on May 9, 1997. Shortly thereafter, Bud Davis Cadillac's body shop, operated by Defendant ABRA, began work to repair the vehicle.

On June 3, 1997, Ms. Newman went to pick up the automobile from ABRA. At that time, Newman complained of several problems with the repairs. ABRA appears to have resolved most of these problems, and the parties disagree as to which of these problems was the original subject of the dispute. Defendants claim Ms. Newman's dispute was over a hole in a front bumper valance which they allege was due to preexisting damage to her automobile. However, it appears that the only unresolved issues at trial were the "wavy" appearance of the front bumper cover and a damaged ashtray handle.

Ms. Newman claims that, following ABRA's repairs, the front bumper cover no longer fit properly and that the ashtray handle was broken while the automobile was in Defendant ABRA's custody. Plaintiff, upon discovering the problems with the vehicle, took back her check for the insurance deductible and left the car with ABRA. Following Ms. Newman's June 3rd visit to ABRA, ABRA claims it contacted Defendant Allstate and that Allstate sent Russell Smith to inspect the automobile. Ms. Smith, who handles customer complaints about repairs for Allstate, testified at trial that Ms. Newman never raised the issue of a "wavy" bumper cover with him, and that the only repairs she disputed were the damaged bumper valance and a chipped windshield. Mr. Smith apparently consented to replace the damaged windshield, but agreed with ABRA that the damaged valance was not a result of the accident.

Ms. Newman returned to ABRA after ABRA replaced the windshield. At that time, she complained that the molding around the new windshield was not properly fitted. ABRA claims it had the glass company repair the molding, and called Ms. Newman to inform her that her car was ready to be picked up. Ms. Newman apparently refused to pick up the vehicle because the valance had not been repaired.

In July, 1997, Ms. Newman contacted Mr. Smith's supervisor at Allstate, Fred Hollowell. Mr. Hollowell inspected Ms. Newman's automobile, agreed that the damage to the valance was preexisting, and refused to approve its replacement. Shortly after Mr. Hollowell denied the additional repairs, Ms. Newman returned to ABRA to pick up the paperwork on the automobile, but refused to claim the car.

In August, 1997, ABRA contacted Ms. Newman to advise her that if she didn't pick up her automobile, ABRA would begin charging her a $10 per day storage fee. After she failed to claim the automobile, ABRA's manager called Ms. Newman. At that time, Ms. Newman advised ABRA's manager that she had contacted a consumer group and was awaiting the group's response. After waiting another month, ABRA's manager called Ms. Newman and advised her that she would be charged storage fees, and her car could be sold.

In December, 1997, ABRA began charging Ms. Newman storage fees for her automobile, and advised her in writing that the vehicle would be sold at auction to satisfy the mechanic's lien

unless she claimed it. On March 26, 1998, Ms. Newman paid the storage fees and the insurance deductible and recovered her car.

At trial, Ms. Newman testified that she notified ABRA as early as June 3, 1997, that she was displeased with the appearance of the bumper cover and the broken ashtray. She testified that, after an ABRA employee suggested they "super glue" the ashtray, she made no further inquiries into repairing the ashtray. At trial, Ms. Newman claimed that ABRA never adequately repaired the cover, and her expert testified that it would cost $647.56 to return the bumper to its pre-accident condition. In response, Defendants claimed that any problems with the bumper cover were the result of prior damage to the vehicle, and that all repair work done was satisfactory. Witnesses for Defendant ABRA testified that they gave Ms. Newman sufficient notice that ABRA would begin assessing storage fees for her vehicle, and that Ms. Newman failed to mitigate her damages.

Before the conclusion of Allstate's proof, Ms. Newman's counsel announced, "that all matters and issues involving ABRA Auto Body have been resolved and they are hereby dismissed from the case with an order to follow." On September 10, 1999, the court entered an order of dismissal with prejudice as to ABRA, stating that ABRA and Ms. Newman had compromised and settled the matters between them.

On July 20, 1999 the court entered an order of judgment, stating in pertinent part:

> [T]he Plaintiff should recover from the Defendant [Allstate] the sum of $647.66 for the repairs needed to her automobile, but that there should be no further recovery for the return of her storage fees paid, claim of loss of use of her vehicle, or other consequential damages arising out of the matters, and the Tennessee Consumer Protection Act did not apply under the facts of this cause; . . .

Ms. Newman appeals from this judgment *pro se*, raising three issues:

> I. Whether the Circuit Court correctly held that the Tennessee Consumer Protection Act did not apply.
>
> II. Whether the Circuit Court correctly held that there should be no recovery for the return of storage fees paid.
>
> III. Whether the Circuit Court correctly held that there should be no loss of use vehicle or other consequential damages.

ABRA Auto Body raises a fourth issue:

> IV. Whether issues concerning ABRA are properly before this Court.

-3-

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn .R. App. P. 13(d).

Ms. Newman contends that both ABRA and Allstate violated T.C.A. § 47-18-104, the Tennessee Consumer Protection Act, by treating her unfairly, denying a legitimate claim, misrepresenting the quality of repairs, and refusing to correct the problem. Ms. Newman contends that the storage charges that she was required to pay ABRA in order to receive her vehicle should be awarded to her because they were the result of ABRA and Allstate's refusal to correct the workmanship on her car. She asserts that under the Tennessee Consumer Protection Act she is entitled to recover actual damages, damages for the "loss of the use" and enjoyment of her property, and for attorneys fees plus other consequential damages. Ms. Newman contends that ABRA knew that the wavy bumper was a problem, and that the order of dismissal with prejudice with regard to ABRA was not proper absent evidence that she consented not to sue, and asserts that authority to dismiss does not rest with the plaintiff's attorney.

Allstate asserts that its guarantee is limited in that it applies only to the specific repairs included in the estimate. Ms. Newman's vehicle remained with ABRA nine months after the work was completed, and ABRA did not charge storage fees for six of those months. Allstate contends that the storage fees were not a result of any act or omission by Allstate, but resulted from ABRA exercising its legal rights in response to Ms. Newman's unreasonable refusal to retrieve her vehicle. Allstate contends that under the guarantee neither consequential damages nor loss of use are available. As to recovery of attorney's fees, Ms. Newman has cited no contractual or legal basis for this claim. Finally, Allstate contends that the Tennessee Consumer Protection Act does not apply to this case because Ms. Newman has not proved by a preponderance of the evidence that ABRA and/or Allstate engaged in unfair or deceptive acts or practices. In addition, the sole basis of recovery in this lawsuit, the wavy buckles on the bumper cover, never became an issue until after this litigation was begun, therefore neither Allstate nor ABRA had a chance to address the complaint.

We will first consider ABRA'a issue: whether plaintiff's issues are applicable to ABRA. ABRA asserts that during the July 14-15, 1998 trial of this matter, a compromise and final settlement was reached between ABRA and Ms. Newman. All parties were present and represented by counsel when Ms. Newman's counsel announced the settlement to the trial court. ABRA asserts that any issue regarding ABRA is not properly before this Court, as the consent decree embodying the compromise and settlement has not been challenged. ABRA further argues that the settlement between ABRA and Ms. Newman is a valid contract made final and binding upon the parties by the approval by the Court.

The record reflects that Ms. Newman's attorney announced in open court that the matters and things in controversy between Ms. Newman and ABRA had been compromised and settled. Subsequently, Ms. Newman's counsel made a closing argument to the court directed to the defendant, Allstate. Nowhere in the record is there any indication that Ms. Newman objected to or in any manner indicated that her counsel had no authority to act for her and that she did not agree

-4-

to the settlement. The case was subsequently dismissed on the basis that it had been compromised and settled.

In ***Absar v. Jones***, 833 S.W.2d 86 (Tenn. Ct. App. 1992), this Court said:

> The general rule in Tennessee is that an attorney cannot surrender substantial rights of a client, including agreeing to dismissal of litigation which permanently bars a client from pursuing his claim, without the express authority of the client. ***Davis v. Home Insurance Co.,*** 127 Tenn. 330, 337, 155 S.W. 131, 133 91913); ***Long v. Kirby-Smith,*** 40 Tenn. App. 446, 459, 292 S.W.2d 216, 222 91956). *However, even though a client has not given his/her attorney the authority to settle his/her claim, they may ratify the settlement either expressly or by their actions.* Once there has been ratification of the settlement ratification may not be withdrawn. ***Memphis Street Railway v. Roe***, 118 Tenn. 601, 619, 102 S.W. 343, 347 (1907).

*Id.* at 89 (emphasis added).

In the instant case, Ms. Newman took no steps to set aside the agreement announced by her counsel and thus should be presumed to ratify his action. In any event, failure of Ms. Newman to take steps in the trial court to set aside the agreement and order of dismissal constitutes a waiver of her right to do so on appeal. Accordingly, the issues in this case do not apply to ABRA.

The first issue presented by Ms. Newman is whether the trial court erred in its finding that the Tennessee Consumer Protection Act is not applicable to the case at bar. T.C.A. § 47-18-101 (1995). The act allows recovery to any person who suffers loss as a result of another person's unfair or deceptive acts or practices. T.C.A. § 47-18-109 (a)(1). The Tennessee Consumer Protection Act is applicable to the acts and practices of insurance companies. ***Myint v. Allstate Ins. Co.***, 970 S.W.2d 920, 925 (Tenn. 1998).

From our review of this record, we do not find that the evidence preponderates against the implicit finding of the trial court that Allstate did not engage in an unfair or deceptive act or practice resulting in loss to the plaintiff. There is ample testimony in the record that the Allstate employees tried to satisfy Ms. Newman and that her complaints as to the alleged faulty repairs were inconsistent as the matter progressed. This issue is without merit.

In Issues 2 and 3, Ms. Newman is complaining about the amount of damages awarded by the court. The proof showed that ABRA repaired everything authorized by Allstate and that ABRA charged the storage charges because Ms. Newman would not pick up her car. She made a voluntary decision to settle with ABRA, and could have mitigated her damages considerably if she had followed a different route toward resolving her difficulties. Allstate did not charge the storage charges nor attempt to collect them. The evidence does not preponderate against the trial court's finding that she is not entitled to recover the storage charges from Allstate. Moreover, the evidence

does not preponderate against the trial court's implicit finding that there was no loss of use because of the voluntary actions of Ms. Newman. It appears from reading this record as a whole that Ms. Newman's problems were magnified by her actions and that the matter could have been resolved without her incurring her alleged damages. She concedes that the only area of disagreement concerning the repairs was the bumper, and the trial court awarded her the amount proved by her witness to correct this deficiency. The evidence does not preponderate against the trial court's findings in this regard.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant, Clementine Newman.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.