IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 15, 2005 Session

# WILLIAM T. TERRELL and MARTHA M. TERRELL, v. UNITED VAN LINES, INC., KWICK-WAY TRANSPORTATION COMPANY, and VANLINER INSURANCE CO.

**Direct Appeal from the Chancery Court for Knox County**
**No. 156744      Hon. Daryl R. Fansler, Chancellor**

---

**No. E2004-00407-COA-R3-CV  - FILED APRIL 29, 2005**

---

The Trial Court entered Judgment for plaintiffs for damages, but refused to permit plaintiffs to amend the complaint to claim defendants violated the Consumer Protection Act, and disallowed plaintiffs' Rule 11, Tenn. R. Civ. P. Motion for Sanctions.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., concurs and filed a separate opinion, and SHARON G. LEE, J., concurs.

William T. Terrell, Knoxville, Tennessee, for appellants.

Louis Andrew McElroy, II., Knoxville, Tennessee, for appellees.

## OPINION

Plaintiffs' action against United Van Lines, Inc., Kwick-Way Transportation Company, and Vanliner Insurance Company, alleging violations of 49 U.S.C. §14706, resulted in a Trial Court Judgment dismissing Vanliner and United, but Judgment was entered against Kwick-Way for $5,025.00 in property damages, plus $315.00 to reimburse plaintiffs for one-half of the Special Master's fee paid by them.  Kwick-Way was also ordered to pay all costs, including the bill of costs, but plaintiffs' Motion for Rule 11 Sanctions was denied, as were all remaining motions. Plaintiffs have appealed.

# BACKGROUND

Plaintiffs alleged that several items of personal property were damaged by United and/or its agent, Kwick-Way, when plaintiffs moved from Arkansas to Knoxville. They alleged they made a timely claim but Kwick-Way turned the claim over to its insurer, Vanliner.

Plaintiffs alleged that Vanliner issued a check that covered most, but not all, of the damage, and requested additional information on the remaining items. Plaintiffs alleged that the check issued by Vanliner contained the language "Full and Final Settlement" and thus plaintiffs did not cash the check. Plaintiffs further alleged that they complied with Vanliner's request for more information, and Vanliner sent a second check for the remainder of the damaged items which also contained the "full and final settlement" language, and plaintiffs likewise did not cash that check.

Plaintiffs sought payment for sales tax they would have to pay to replace the damaged goods, and for interest on the sums due.

Finally, plaintiffs alleged that a Vanliner adjuster told them that Vanliner printed the "full and final settlement" language on every check it issued, whether the claim was fully paid or not, and plaintiffs alleged that this was a fraudulent and deceptive practice, and sought monetary damages, and a permanent injunction against Vanliner prohibiting this practice.

Defendants filed an Answer, and admitted that the first check issued to plaintiffs contained the settlement language, but plaintiffs' claim was unfounded.

# MOTIONS TO DISMISS

Vanliner filed a Motion to Dismiss, stating that it was the liability insurance carrier for the other defendants, and had no policy or contractual relationship with plaintiffs. The Court granted Vanliner's Motion to Dismiss, and denied plaintiffs' Motion to Amend, which attempted to add a Tennessee Consumer Protection Act claim against Vanliner.

Defendants filed a Rule 11 Motion, asking the Court to strike the plaintiffs' claims on the grounds the claims were not based on existing law, and plaintiffs filed a Motion pursuant to Rule 11, stating that defendants Motion was merely made to harass plaintiffs.

In defendants' Amended Answer, it was alleged that since plaintiffs had chosen to pursue their claim pursuant to 28 U.S.C. §1337(a) and 49 U.S.C. §14706(d), they were precluded from seeking injunctive relief, and further that United was not a carrier as defined by the federal act. The Trial Court then referred the case to a Special Master to hear evidence on the issue of property damage.

The Master conducted two hearings, and the parties agreed to stipulate plaintiffs'

damages as $5,025.00 for repair/replacement of damaged property, including sales tax and interest, and further agreed that Kwick-Way was the proper party defendant, and defendant also agreed to waive any and all defenses to the property damage claim, including issues of timeliness and notice. Thereafter, Kwick-Way tendered payment of $5,025.00 into Court, with the Court's permission. The Court then entered a Final Order and Judgment as heretofore recited.

## ISSUES ON APPEAL

1.    Whether the Trial Court erred in refusing to allow plaintiffs to amend their complaint to add a Tennessee Consumer Protection Act claim against Vanliner?

2.    Whether the Trial Court erred in denying plaintiffs' Motion for Rule 11 Sanctions, including whether the Trial Court improperly excluded evidence on the issue of whether the defendants' Rule 11 motions were filed for an improper purpose?

## DISCUSSION

The Trial Court denied plaintiffs' Motion to Amend to add a Tennessee Consumer Protection Act claim, and in its Order, the Court stated that it was cognizant of the "general principles of law that state that amendments should be freely granted. However, the Court should not grant a motion to amend if the amended complaint likewise fails to state a claim." The Trial Court analyzed various cases, and determined that the Consumer Protection Act would not apply because Vanliner had no legal obligation to settle the claims with plaintiffs prior to litigation, and thus there was "no invasion of a legally protected interest of the plaintiffs" by Vanliner. The Court thus denied the Motion to Amend, finding that the Amended Complaint failed to state a claim upon which relief could be granted.

The Trial Court's decision is reviewed by this Court *de novo*.

The Tennessee Consumer Protection Act can apply to the acts and practices of insurance companies. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920 (Tenn. 1998). Moreover, privity of contract is not required for Consumer Protection Act claims. *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911 (Tenn. Ct. App. 2000). The plaintiff must show that the "unfair or deceptive" act or practice affects the conduct of any trade/commerce, and also that the plaintiff has suffered an ascertainable loss of money or property as a result of such unfair or deceptive act, in order to maintain a private action under the Tenn. Code Ann. §§47-18-104 and 109; *see Newman v. Allstate Ins. Co.*, 42 S.W.3d 920 (Tenn. Ct. App. 2000); *Flynn's Lick Comm. Ctr. & Vol. Fire Dept. v. Burlington Ins. Co*, 2003 WL 21766244 (Tenn. Ct. App. July 31, 2003); *Milliken v. Crye-Leike Realtors*, 2001 WL 747638 (Tenn. Ct. App. July 5, 2001); *Kline v. Benefiel*, 2001 WL 25750

(Tenn. Ct. App. Jan. 9, 2001).

The Trial Court properly found that plaintiffs failed to show any "invasion of interest" by Vanliner or, in the words of the statute, plaintiffs failed to show any ascertainable loss as a result of an unfair or deceptive practice by Vanliner. Plaintiffs alleged that Vanliner's act of putting the "full and final settlement" language on the check precluded them from cashing the checks. Vanliner's representatives assured the plaintiffs that the other claims would be paid. Plaintiffs received the checks which paid their claim, but plaintiffs refused to cash the checks due to the language, despite Vanliner's assurances (even in writing) that it would pay all of the legitimate claims.

Plaintiffs have failed to show an ascertainable loss which would entitle them to relief under the Act, which is required. We affirm the Trial Court's Order overruling plaintiffs' Motion to Amend to allege a claim under the Tennessee Consumer Protection Act.

Finally, plaintiffs argue that the Trial Court improperly denied plaintiffs' motion for Rule 11 sanctions, and set forth various factual arguments regarding the propriety of Rule 11 motions filed by defendants. We review the Trial Court's ruling on plaintiffs' motion under an abuse of discretion standard. *Krug v. Krug*, 838 S.W.2d 197 (Tenn. Ct. App. 1992). "An abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." *State v. Brown & Williamson Tobacco Corp.,* 18 S.W.3d 186, 191 (Tenn. 2000). The plaintiffs have failed to demonstrate that the Trial Court's decision was arbitrary, illogical, or unconscionable. Without detailing the timing and sequence of pleadings, the Trial Court had the facts before it to determine whether defense counsel's actions were reasonable at the time of the filing of the documents in question, and we conclude that the evidence does not preponderate against the Trial Court's findings in that regard. The Trial Court did not abuse its discretion in failing to award sanctions to plaintiffs.[1]

---

[1]FN.1. In ruling on this issue, the Trial Court observed:

All right. You need to put down a judgment. If I even found that there was a violation of Rule 11, I would award the cost of the special master's fees and that would be it. Everybody needs to get on with this case, Mr. Terrell. You would have done well, sir, to have hired you a lawyer to represent you in this case. The courts – you have heard me tell these people here earlier it's our business to resolve disputes, not to allow people to personally vindicate their feelings down here. And I think you would have served yourself better, far better, to have hired you a lawyer and gotten some advice, objective advice that was not tainted by emotions and anger and hard feelings that you have exhibited toward the defendants in this case.

And I don't think either one of you got off to a good foot in this case. This has been a most contentious matter.

If I am correct in my ruling about the insurance company, then what we're dealing with is a General Sessions court case that should have been disposed of without pleadings downstairs in a one-hour hearing. And we've got two volumes of the court file taken up here. I don't know how many hearings this court has conducted on this case. And if I am wrong, then you get to come back and try a lawsuit here, Mr. Terrell.

-4-

For the foregoing reasons, we affirm the Judgment of the Chancery Court and remand, with the cost of the appeal assessed to William and Martha Terrell.

_____

HERSCHEL PICKENS FRANKS, P.J.